By the Court.
 

 The question is shortly this : The plaintiff’s testator having-sold a considerable quantity of goods, wares and merchandise, to the defendants, for which the defendants have paid the net amount, shall interest be allowed upon the account for these goods, wares and merchandise, with*
 
 *278
 
 out any notice to the defendants, *that interest would be charged, or any agreement, upon their part, to pay it? If this point had not been already settled, it would nevertheless be highly inconvenient to the pub-' lie welfare (which it is our duty to consider), that the plaintiff's demand should be admitted ; for, as the shopkeeper is obliged to retail his merchandise upon a credit, which sometimes terminates in a total loss, and is often unreasonably protracted by the person whom he trusts, his ruin would inevitably ensue, if, besides these disadvantages, the merchant, after a short time, could charge him with interest, the accumulation of which must, insensibly, consume the slow and precarious profits of his business. On the other hand, it is, at once, reasonable and useful, that the accounts between merchants and the retailers should be periodically settled and liquidated ; and when that is done, it is easy for the creditor to take a bond, a note, or such other security as will entitle him to interest.
 

 The case, however, does not, at this day, depend upon general arguments; the law, which we cannot alter, has been already ascertained.
 
 Jacobs’ Claim
 
 v.
 
 The Estate of Adams and wife,
 
 determined in this court, has been cited for the defendants. In that case, “ one Flower having sold lands to Jacobs, died before the purchase-money was paid, or the conveyance executed. His executors, however, received the money, and made a deed for the land. Afterwards, the will, under which the executors acted, was set aside as having been obtained from the testator by practice and undue influence ; and letters of administration being consequently granted, the administrators, who had warned Jacobs not to pay the money, instituted a suit against him, and recovered the amount. It was, upon these circumstances, adjudged, that the executors should refund to Jacobs ; but that no interest should be allowed, because the money had been received, as well as paid, in a mistake, and no fraud appeared on either side.” There have been many determinations in the courts of Pennsylvania, and many authorities may, likewise, be collected from the English law-books, in which the judges have uniformly maintained, that interest shall not be allowed, upon an open account for goods sold and delivered. The case in 3 Wils. 205-6, expressly recognises this doctrine. With respect to the authority cited from Douglas, that evidently relates only to the American trade, in which it appeared to have been the usage for the merchants in England to allow their American correspondents twelve months credit, and then to charge them five per cent, interest; and that the English tradesmen, in the same trade, allowed the merchants fourteen months credit, and then charged them a similar interest. That determination, therefore, does not interfere with the general rule ; and the court are unanimously of opinion, that the interest claimed by the plaintiff, upon the present occasion, ought not to be allowed by the jury.
 

 The verdict of the jury was conformable to this opinion.
 

 On the meeting of the court, the next day, the Chief Justice observed, *2671
 
 “
 
 the opinion delivered yesterday, in this cause, *the court had J not relied merely on the cases decided here, but on all the cases which had been decided upon the subject, in all the courts of England. These cases, although he had before generally referred to them, he now thought proper to mention particularly, that every doubt upon the question might be finally removed. In the common pleas, for money owing for goods sold
 
 *279
 
 and delivered, no interest shall be allowed. 1 Barnes Notes 157; 3 Wilson 206; Prac. Reg. Com. Pl. 357. In the king’s bench, interest refused upon an inland bill of exchange, after acceptance, where no protest; and the court there said, that it had never been alloAvecl barely for money lent, without a note.
 
 Harris
 
 v. Benson, 2 Str. 910. In the court of chancery, interest was not allowed on book and simple-contract debts, &c.
 
 Dolman
 
 v.
 
 Pritman,
 
 3 Rep. Chan. 64.
 

 “ Thus the concurrent practice of all the courts in England has, in these cases, disallowed the charge of interest; and the practice of Pennsylvania has been regulated by the same principles. It is not, indeed, more than four years, since, in this state, on the other side of the Susquehanna, the juries have been induced to allow interest, even upon notes of hand.”
 
 (a)
 

 (a)
 

 The doctrine laid down in this case was again asserted by C. J. McKean, in Williams v. Craig,
 
 post,
 
 p. 313, and appears to have been considered as the settled rule by Judge Yeates, in Christie
 
 v.
 
 Woods, 2 Yeates 215; and by President Shippen, in Rapelje
 
 v.
 
 Emory,
 
 post,
 
 p. 349. In Crawford
 
 v.
 
 Willing (4 Dall. 289 in note), however, Judge Smith declared that the authority of Henry
 
 v.
 
 Risk had been often overruled; and in his charge to the jury, said, “Even in the case of goods sold and delivered, I would think it right to allow interest as soon as the express or implied term of credit had elapsed, and a demand of payment was made.” And this is believed now to be the established practice : See 6 Binn. 162, 165. Where there is no usage, no precise time of payment fixed, no account rendered, or demand made, it is said by Judge Duncan, in a recent case (Eckert
 
 v.
 
 Wilson, 12 S. & R. 398), to be usual for the court not to direct mterest,
 
 qua
 
 interest, but to leave it the jury, under all the circumstances, to give or refuse damages for the detention. In a still later case (Graham
 
 v.
 
 Williams, 16 S. & R. 257), Judge Rogers, in delivering the opinion of the court, said, “ It is more easy to determine what interest shall not, than what shall be allowed, in the case of a running account. It is usually to be left to a jury, under all the circumstances.” It was held, in that case, that to balance books at the end of each year, and charge interest on the balance of a running account, was illegal. The decision was expressly restricted to the case of running accounts; and Judge Rogers declared, that it was not intended to interfere with the practice of dealing at six months’ credit, which has generally obtained between the merchants of a seaport and those of the country. It was intimated, however, that the allowance of interest had already been extended quite, far enough in Pennsylvania.