## SHEWEL v. GIVAN.

It is a general rule that interest is not allowable on the open, unliquidated accounts of merchants.

May Term,
1830.

SHEWEL
v.
GIVAN.

Witnesses are not admissible to prove a custom of merchants in the city of another
state allowing them to charge interest on their accounts, when the Courts of that state
have refused to recognize the custom.

Interest was charged by the plaintiff on an account for goods sold for which he sued.
*Held*, that, all the evidence not being shown, he could not, in error, complain of the
instructions to the jury, that they might allow interest or not at their discretion.

Tuesday,
May 11.

**ERROR** to the *Marion* Circuit Court.—Assumpsit by *Shewel*
against *Givan*. The defendant pleaded, *inter alia*, non-assump-
sit except as to a certain sum, and as to that a tender. Ver-
dict and judgment for the defendant.

HOLMAN, J.—Assumpsit for goods sold and delivered. Se-
veral pleas, one of which is a tender and refusal of 150 dollars.
The following bill of exceptions shows the state of the case be-
fore the Circuit Court:—"On the trial of this cause, the plain-
tiff proved the sale and delivery of a bill of goods at *Philadel-
phia* to the defendant, some time in *February*, 1820, amounting
to 347 dollars and 47 cents, on a credit. It was also proved
that the following account, to wit,—Mr. *James Givan* to *Tho.
Shewel*, Dr. 1820, *Feb.* 28, To merchandise at 6 mo. $347.37.
*March* 6, ditto, $165.14. Interest up to *Jan.* 1827, $194.54.—
$707.05. Cr. 1821, *Aug.* 15, By cash, $131.97. 1822, *Aug.* 22,
ditto, $128.13. 1826, *Jan.* 13, ditto, $76.44. Interest up to
*Jan.* 1827, $80.37. Balance, $290.14.—$707.05. Dr. 1827,
*Jan.* 2, To balance, $290.14. Interest. Cr. 1829, *April* 9, By
cash, $53.00. Interest.—*Thos. Shewel, Philad.*,—was shown to
the defendant, who remarked that it was well, or right, or made
some such remark; but that the plaintiff must call on his son,
*John Givan*, who had undertaken to pay it, and that he the defen-
dant had nothing more to do with it. The said *Givan* also told
Mr. *Fletcher*, that he had seen the said account and that it was
correct. The plaintiff then introduced two of the merchants
of *Indianapolis*, to prove that it was the custom, in *Philadelphia*,
for sellers to charge, and buyers to pay, interest on the amount
unpaid on such bills of merchandise after they became due; which
evidence was objected to by the defendant, and the objection
was sustained by the Court. To this opinion of the Court the
plaintiff excepts. The plaintiff moved the Court to instruct the
jury, that interest should be allowed on the above account af-
ter it became payable; which instruction the Court refused to
give: but they instructed the jury, that it was discretionary with

40

them to allow interest or not, as they should think proper under all the circumstances of the case; which instruction was also excepted to by the plaintiff." The jury found for the defendant. A motion for a new trial was made and overruled, and judgment given on the verdict (1).

The errors assigned, and principally relied on, for the reversal of this judgment are, the refusal of the Circuit Court to admit evidence of the custom of the merchants of *Philadelphia* relative to interest on their accounts; and the instructions given to the jury, that it was discretionary with them to allow interest or not, as they should think proper under all the circumstances of the case. Neither of these positions can be supported by authority. As a general rule, interest is not allowed on an open, unliquidated account. *Blaney* v. *Hendrick*, 3 Wils. 205.—*De Havilland* v. *Bowerbank*, 1 Camp. R. 50.—*Newell* v. *Griswold*, 6 Johns. R. 45.—*Henry* v. *Risk*, 1 *Dall*. 265.—R. C. 1824, p. 227. But admitting the general rule, the plaintiff claimed a right of showing, by witnesses, that the custom of merchants in *Philadelphia* is otherwise. Whatever doubts might be originated by this claim, if we did not know the law of *Pennsylvania* on this subject, yet no possible doubt can exist, when we know, by repeated decisions, that the laws of that state are in accordance with the general rule here laid down. See the above case of *Henry* v. *Risk*; and also the cases of *Delaware In. Co.* v. *Delaunie*, 3 Binn. 301.—*Crawford* v. *Willing*, 4 Dall. 286.—*Obermyer* v. *Nichols*, 6 Binn. 159. Not only is such the general law of *Pennsylvania*, but when an attempt was made in that state, in the case of *Henry* v. *Risk*, to set up this custom of the merchants of *Philadelphia* to allow interest in cases similar to this, it was repelled in the following language of Chief Justice *M'Kean*:—"The point has been repeatedly determined otherwise in this Court as well as in the Courts of *England*, and therefore witnesses cannot be admitted to contradict the established principles of the law." The instructions given to the jury, that it was discretionary with them to allow interest or not, as they should think proper under all the circumstances of the case, appear to us to be unexceptionable; inasmuch as when we apply the foregoing general rule of law, with all its known exceptions, and the act of assembly regulating interest in this state, to such facts as the jury were necessarily bound to find from the evidence in this case, we can-

not say that such a case is presented, as peremptorily required the jury to allow any more interest on this account, than was tendered by the defendant and brought into Court.

The motion for a new trial because the verdict was contrary to evidence, need not be considered, as it is not said in the bill of exceptions that we have all the evidence that was before the jury.

*Per Curiam.*—The judgment is affirmed with costs.

*Fletcher* and *Merrill,* for the plaintiff.

*Brown,* for the defendant.

(1) Form of the verdict, in such case, for the defendant:—The jurors, &c., as to the first issue within joined between the said parties, say upon their oath, that the said *James Givan* did not undertake or promise to an amount beyond the sum of 150 dollars within mentioned, in manner and form as the said *Thomas Shewel* hath within in that behalf alleged; and as to the last issue within joined between the said parties, the jurors aforesaid, upon their oath aforesaid, say, that the said *James Givan* did tender and offer to pay to the said *Thomas Shewel,* the said sum of 150 dollars, parcel of the several sums of money in the said declaration within mentioned, in manner and form as the said *James Givan* hath within in that behalf alleged. Arch. Forms, 146, 147.

The judgment for the defendant, on such a verdict, is the same as in ordinary cases, where there is but one issue,—viz. that the plaintiff take nothing by his writ,"&c.; and that the defendant recover his costs, &c.—Ib.

Form of the verdict, in such case, for the plaintiff:—The jurors, &c. say upon their oath, that the said *James Givan* did undertake and promise to an amount beyond the sum of 150 dollars by the said *James Givan* within in that behalf alleged, that is to say, to the amount of 250 dollars, parcel of the several sums of money in the said declaration within mentioned, in manner and form as the said *Thomas Shewel* hath within complained against him; and they assess the damages of the said *Thomas Shewel,* by reason of the not performing the promises and undertakings within mentioned, over and above the within mentioned sum of 150 dollars, and over and above his costs and charges by him about his suit in this behalf expended, to 100 dollars.—Arch. Forms, 145, 146.

The judgment for the plaintiff, on such a verdict, is for 100 dollars, together with costs, as in ordinary cases.—Ib.