HARRISON v. CLARKE et ux.

(Circuit Court of Appeals, Eighth Circuit. September 26, 1910.)

No. 3,300.

1. COURTS (§ 356*)—EQUITY—FEDERAL COURTS.

It is the well-settled practice in the federal courts of appeal in review-ing equity cases, subject to exception in special cases, to dispose of them finally on the record before the appellate court and not remand them for further trial in the Circuit Court.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 356.*]

2. APPEAL AND ERROR (§ 1201*)—DISPOSITION OF CAUSES IN EQUITY—DIRECTING MODIFICATION OF DECREE.

Where the Circuit Court of Appeals on determination of an appeal in an equity case directed the modification of the decree below by increasing the amount awarded complainant by a sum specified and adjudging the costs against defendants, such decision was a final adjudication of all of the issues in the case, leaving to the Circuit Court only the duty of obeying the mandate without enlargement or change.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4677–4683; Dec. Dig. § 1201.*]

Appeal from the Circuit Court of the United States for the Northern District of Iowa.

Suit in equity by John W. Harrison, executor of the estate of T. W. Harrison, deceased, against A. D. Clarke and Mrs. A. D. Clarke. From an order sustaining a demurrer to a supplemental bill, complainant appeals. Affirmed.

T. F. Garver (Frank Farrell, T. W. Harrison, and R. D. Garver, on the brief), for appellant.

Wm. G. Clark (Eugene Schaffter, on the brief), for appellees.

Before HOOK and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This suit was originally instituted by Harrison against Clarke to wind up the affairs of a partnership existing between them for the purchase, development, and sale of land and to recover damages claimed to have been sustained by reason of defendant's breach of his contractual duty. The Circuit Court on the original submission of the case entered a decree dissolving the partnership, ordering the undisposed of lands sold, fixing the rights of the parties to the proceeds, and rendering a personal judgment against the defendant for certain advances made by complainant in case there were insufficient net proceeds to satisfy the same. The decree denied to complainant any compensation for his services rendered in carrying out the provisions of the contract of partnership and required him to pay one-half of the costs of the suit. It was comprehensive and exhaustive, adjusting with much care the many details and disputed claims of the parties.

The complainant, feeling aggrieved at the denial of compensation for his personal services, as well as for some other reasons, prosecuted an appeal to this court. We affirmed the decree below (90 C. C. A. 413, 164 Fed. 539) in all respects except as to Harrison's claim

for services and as to costs. We held that defendant's failure to discharge the obligations imposed upon him by the contract of partnership defeated the joint enterprise and entitled complainant to a reasonable sum for his personal services rendered in the faithful discharge of the duties devolved upon him and fixed that sum at $12,000. We also held that by reason of defendant's breach of the contract the costs of the suit should be adjudged against him.

After stating the foregoing conclusions we, speaking by Hook, Circuit Judge, said:

"If the proceeds of the lands decreed to be sold are insufficient to pay all of the demands upon them, the defendant should be held personally liable for such part of the deficit as is attributable to the costs and the award to complainant for his services. We think that in other respects the decree as entered by the trial court is right and not subject to the criticisms made in the assignments of error. The decree is reversed, and the cause is remanded, with direction to enter one as indicated in the foregoing opinion."

The unmistakable meaning of the opinion was that there were two errors only in the decree of the trial court; one in denying to complainant compensation for his services (except in a small sum measured by interest on some money advanced by him), and the other in requiring him to pay any part of the costs of the suit. In all other respects the decree was found to be correct, and, as is usual in equity cases, with a view of ending the controversy upon the record as made by the parties, we directed the trial court to make an end of the litigation by entering a decree as indicated in the opinion; that meant to modify it only by substituting the sum of $12,000 for the small item equal to interest on Harrison's expenditures, as compensation for his personal services and to impose all the costs of suit upon defendant. Instead of permitting the trial court to proceed and make these modifications according to the mandate of this court, the complainant immediately filed a supplemental bill seeking to recover interest on the award of $12,000 made by us from and after January 19, 1905, when the suit was originally instituted and seeking also to recover certain further compensation for services rendered by him prior to the date of the final decree. The learned trial judge sustained a demurrer to the supplemental bill so far as these claims are concerned and entered a decree as directed. The present appeal challenges the correctness of this action.

In justification of his proceeding, complainant urges that the award of $12,000 made by this court for personal services implies that that amount was due as of the date of filing the suit and claims that it should bear interest like other demands for money from the time it became due until it should be paid. This contention overlooks the fact that this court for reasons satisfactory to it determined otherwise. The opinion and the mandate taken together clearly indicate that that amount only was to be allowed complainant, and the trial court had no discretion to enlarge or reduce it either by the addition of interest or otherwise. Its duty was to obey the mandate, and in doing so manifestly committed no error.

It is also urged as justification for the claims both of interest and further compensation to the complainant that the original decree of the Circuit Court contained a provision retaining jurisdiction of the

cause for the purpose of making further orders as and when necessary. We think the retention of jurisdiction, however, was not intended for the purpose of litigating any new and independent issues.

As already observed, the trial court made an exhaustive decree adjudicating the rights of the parties with much detail. This was modified by us only in the particulars already indicated, and as so modified it constituted a final disposition of each and all of the contentions of the parties. We held in the former case that the rights of the parties were finally and definitely settled by the decree, and that nothing was left except to execute its provisions, saying:

"That the retention of jurisdiction was simply in aid of the details of execution according to the adjudicated rights of the parties."

Such being the case, it was not open to complainant by any supplemental bill or elsewise to secure a new or different adjudication of any of the questions litigated or that might have been litigated in the original suit. It is well-settled practice in the federal courts of appeal in reviewing equity causes to dispose of them finally on the record before the appellate court and not remand them for further trial in the Circuit Court. There are some exceptions, however, where the exigency of particular cases like Pikes Peak Hydro-Electric Co. v. Power & Mining Machinery Co., 92 C. C. A. 392, 165 Fed. 184, requires a remanding to the trial court for further proceedings; but the advisability of putting an end to litigation with all convenient speed requires us to closely adhere to the practice so established.

The claims now asserted by complainant could all have been adjudicated if indeed they were not in the original suit and were not the subject of litigation by supplemental bill as attempted. The Circuit Court had only one duty to perform, and that was to enter a decree as indicated in the opinion, and this we think was done.

It must be affirmed.

NOTE.—The following is the opinion of Reed, District Judge, in the court below:

REED, District Judge. The supplemental bill, filed since the return of the mandate from the Circuit Court of Appeals, claims:

(1) For the taxes paid on the copartnership lands since March 1, 1907, the date of the original decree...................... $  284 83
(2) For payment of purchase money upon the lands since the original decree........................................   702 72
(3) For expenses incurred on account of the lands since the decree .........................................   513 09
(4) For 167 days in caring for, looking after and protecting the lands since the filing of the original bill viz. January 19, 1905, at $25 per day.................................. 4,175 00
And for 35 days at $10 per day..........................   350 00
(5) For interest on the $12,000 awarded complainant by the Circuit Court of Appeals, at 6 per cent. from the date of filing of the original bill, upwards of........................ 3,000 00

The defendant by answer denies any knowledge or information of the payment by complainant of items 1 and 2 above, and by special demurrer challenges the right to recover items 3, 4, and 5.

The $12,000 awarded complainant by the Circuit Court of Appeals for his services in lieu of the compensation fixed by the contract of the parties

seems to have been allowed because defendant Clarke failed to make payments to complainant as provided by the contract, and thereby put an end to the partnership venture. The complainant's claim for such services is for an unliquidated demand, upon which interest is not ordinarily allowed until the amount is ascertained. Henry v. Risk, 1 Dall. 265, 1 L. Ed. 130, and note; Williams v. Craig, 1 Dall. 313, 1 L. Ed. 153. The Circuit Court of Appeals fixed the value of such services at $12,000, and, if it had intended that such amount should bear interest from any date prior to such finding, it would certainly have so indicated, either in its opinion or mandate. It directed that the amount so fixed should displace the amount awarded complainant by the original decree upon the basis of the contract between the parties, reversed that part of the decree, and remanded the cause, with specific directions to enter a new decree in conformity with its opinion, and left nothing open for this court to determine. If interest upon this amount was to be allowed, it was for the Court of Appeals to do so; and the fact that it said nothing about interest in its opinion or mandate is plainly indicative of its intention that none is to be allowed. In re Washington & Georgetown R. Co., 140 U. S. 91–94, 11 Sup. Ct. 673, 35 L. Ed. 339.

The trial court, upon the coming down of a mandate in a cause that has been taken to an appellate court, has no discretion but to carry into effect the judgment or decree of the appellate court. It can neither enlarge nor diminish the amount adjudged or decreed by that court, and can only obey its mandate, construed in the light of its opinion. Boyce's Executors v. Grundy, 9 Pet. 275, 9 L. Ed. 127; In re Washington & Georgetown R. Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339; Gaines v. Rugg, 148 U. S. 228–241–242, 13 Sup. Ct. 611, 37 L. Ed. 432; In re Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414. Under the statute of Iowa judgments bear interest from the date of their rendition, and that is the only interest complainant is entitled to recover upon this $12,000. That was awarded him by the Circuit Court of Appeals, and interest may be computed thereon from the date its mandate was returned to this court.

. Item 3 is a claim for expenses alleged to have been incurred on account of the lands since the decree, and item 4 for services in caring for them from the date of filing the original bill. The complainant made claim for services for caring for the lands in the original and first supplemental bill, and offered proof thereof. The claim was disallowed by this court, except to the extent that the contract permitted a recovery by complainant for services and fixed the compensation therefor. The Circuit Court of Appeals rejected this determination of the matter, and allowed complainant $12,000 upon the claim for services, the proof of which included the care and handling of the lands. The requisite services, and their value, for the care of the lands until they were finally disposed of, might have been shown upon the original hearing, and complainant should not be permitted to bring forward, after the final determination of the controversy by the Circuit Court of Appeals, a claim that might have been brought forward upon the original hearing. . The rule is well settled that one having a claim against another, arising either upon the breach of a contract or for a tort, must recover in one suit for all the damages he may suffer because thereof. He is not permitted to split his cause of action and recover in successive suits therefor. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Baird v. United States, 96 U. S. 430–432, 24 L. Ed. 703; Nesbitt v. Riverside District, 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562; Linton v. National Life Ins. Co., 104 Fed. 584, 44 C. C. A. 54; Watkins v. National Bank, 134 Fed. 36, 67 C. C. A. 110; Harrison v. Remington Co., 140 Fed. 385–400, 72 C. C. A. 405, 3 L. R. A. (N. S.) 954. The Circuit Court of Appeals, in its determination of the controversy, put aside the contract between the parties, which provides the compensation the complainant might recover for his services, and allowed him for the value of such services as shown by the proofs, apparently as damages for defendants' breach of the contract. Whether or not, in view of that decision and the reservation of jurisdiction by the trial court in the original decree, complainant may recover for expenses and services in caring for the lands since the orig-

inal decree, may better be determined upon the final hearing upon the merits of such claims than upon this demurrer.

The demurrer will therefore be sustained as to so much of the bill as seeks to recover interest upon the $12,000 awarded by the Circuit Court of Appeals, and for services in caring for the lands to the time of the original decree, and overruled as to the claim for expenses and services since the original decree. Defendants may answer, if they shall so elect, that part of the supplemental bill which claims for services and expenses since the original decree, by the August rules.

It is ordered accordingly.