### RUGGLES v. BUCKLEY.

(Circuit Court of Appeals, Sixth Circuit. January 3, 1912.)

No. 2,118.

PARTNERSHIP (§ 345*)—JUDICIAL DISSOLUTION—EARNINGS PENDING APPEAL—DISTRIBUTION.

Where a decree dissolving a partnership fixed an amount payable by defendant to complainant, and provided for equal division of the surplus and both parties appealed, defendant executing a supersedeas bond, complainant is not entitled to share in the profits which accrued to assets of the firm under receivership pending the appeal in proportion to his share of the assets, since that would in effect modify the original decree.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 345.*]

Appeal from the Circuit Court of the United States for the Western District of Michigan.

Proceeding by Charles F. Ruggles against Edward Buckley. Decree for defendant, and complainant appeals. Affirmed and remanded.

See, also, 158 Fed. 950, 86 C. C. A. 154.

Charles McPherson (Norris & McPherson and Geo. D. Van Dyke, on the brief), for appellant.

Watts S. Humphrey (Kleinhans & Knappen, on the brief), for appellee.

Before WARRINGTON, Circuit Judge, and McCALL and SANFORD, District Judges.

McCALL, District Judge. This is a proceeding by Charles F. Ruggles, of the late partnership of Ruggles & Buckley, to recover of the profits which accrued to the assets of said partnership after it had been dissolved by the decree of the Circuit Court on March 15, 1906, and while in the hands of a receiver, in the proportion that his alleged share of the assets in said partnership bore to the share of Edward Buckley. By the decree it was adjudged that Ruggles & Buckley was a partnership, and that each partner should share equally in the net assets thereof; that the amount due from the partnership and from Buckley to complainant, Ruggles, at the date of said decree, was $1,278,396.28. It was also decreed that the moneys which should come into the hands of the receiver, as provided in said decree, in so far as they should belong to said partnership, and the moneys received from the sale of partnership assets, as therein provided, should immediately, upon the receipt thereof, be paid to said Ruggles (a) until he should have received the sum of $696,379.36, being the balance found due to Ruggles on advancements made by him to the partnership; (b) and if there should be a surplus remaining, the re-

ceiver was directed to pay to Ruggles a sum equal to the indebtedness due from the defendant Buckley to said partnership, amounting to $537,913.19, to equalize Ruggles with Buckley in the amount drawn from the partnership by Buckley; (c) and, if there should still be a surplus, then the receiver should divide the sum into two equal parts, and pay one part to said Ruggles, and from the other part the receiver should pay to Ruggles the amount of indebtedness due from Buckley to Ruggles, amounting to $44,103.73—these three last-named amounts aggregating the sum of $1,278,396.28; (d) and, if any surplus still remained of said other equal part, the receiver should pay the same to Buckley.

Execution of the decree of March 15, 1906, was suspended by both parties prosecuting an appeal to this court. Defendant, Buckley, perfected his appeal April 25, 1906, by executing necessary supersedeas bond, etc. At a later date complainant, Ruggles, perfected his appeal from said decree. The decree of the Circuit Court was affirmed. Ruggles v. Buckley, 158 Fed. 950, 86 C. C. A. 154.

The petition in this proceeding was filed by Ruggles March 31, 1910, and the specific relief sought is thus stated in the third paragraph of the prayer of the petition:

"That your petitioners shall be decreed to be entitled to receive, and there shall be awarded to your petitioner, from the undistributed proceeds of the assets of the partnership, a share of the profits earned subsequent to the said date when the execution of the final decree was suspended, apportioned to his share in the assets of the partnership at that date."

The defendant, Buckley, filed an answer thereto. After hearing, and on the 12th day of October, 1910, the Circuit Court denied the relief prayed for in the petition. From this decree, the complainant, Ruggles, has prosecuted an appeal to this court, and assigned errors.

It appears that on or about April 27, 1909, the entire amount, $1,278,396.28, which had been decreed Ruggles March 15, 1906, had been paid. Thus it will be seen that 37 months elapsed from the date of the final decree in the Circuit Court until Ruggles was paid the full amount decreed to him thereunder, except his one-half interest in the assets of the partnership remaining after paying these decreed liabilities. During this time the assets of the partnership, which were in a receiver's hands, earned something more than $500,000.

It is insisted by the appellant that since the decree of March 15, 1906, was suspended on the filing of a supersedeas bond, April 25, 1906, by Buckley, resulting in considerable delay in the execution thereof, that he is entitled to share in the profits which have accrued to the assets of the partnership since the date of the execution of the supersedeas bond by Buckley, in proportion to his alleged share of the partnership assets, by which the profits accrued. The effect of this insistence is to ask at this late date that the original decree be modified, and the terms of the partnership as there found changed.

To this proposition we cannot assent. The rights of the parties were fixed by the decree of the Circuit Court of March 15, 1906, which was, in substance, that Ruggles and Buckley were equal partners in the firm of Ruggles & Buckley, and that after paying to Ruggles the several amounts decreed to him, hereinbefore stated, the re-

maining assets of the partnership were to be divided equally between them, subject only to the payment to Ruggles of $44,103.73 out of Buckley's half interest. The delay in the execution of that decree has been only such as is incident to the appeal, and the time that has elapsed since the case was affirmed by this court and remanded for further proceedings in accordance with that decree. As was well said by Judge Severens in his opinion in this case:

"Such delay as has happened has been under the order of the court, and in the execution of its decree, and must be presumed to be lawful."

Moreover, such delay as has occurred in the execution of the original decree is not entirely chargeable to the defendant, since both parties appealed from said original decree. The record in this case shows that the petitioner herein has litigated other questions arising in the case, and for the delay that has occurred the petitioner has been as culpable in relation thereto as has the defendant, if, indeed, there has been any culpability on the part of either.

Not only so, but the petition herein, although not so termed by the pleader, nevertheless, is in the nature of a petition to review the final decree in Ruggles v. Buckley, 158 Fed. 950, 86 C. C. A. 154, and to modify the same. The result there reached is the law of this case. The Circuit Court in denying the petition of the complainant herein was executing said final decree and administering the rights of the parties thereunder upon the mandate of this court affirming the decree of the Circuit Court. In the opinion in Kimberly v. Arms (C. C.) 40 Fed. 551, Mr. Justice Jackson, when on the circuit, fully discussed the question involved here, and cited a number of authorities. See, also, Illinois v. I. C. R. R. Co., 184 U. S. 77, 22 Sup. Ct. 300, 46 L. Ed. 440, and note.

Counsel for the defendant in their brief make application to this court to order the complainant to pay the defendant an attorney's or solicitor's fee sufficient to reimburse the defendant for the costs incident to his defense on this appeal. We see nothing in the record that would warrant us in granting such application, and the same is denied.

The case is affirmed, with costs, and will be remanded for further proceedings, not inconsistent with this opinion.