D'ARCY v. JACKSON CUSHION SPRING CO.

(Circuit Court of Appeals, Sixth Circuit.   January 6, 1914.)

No. 2373.

1. APPEAL AND ERROR (§ 1195*) — DECISION AS LAW OF CASE — PROCEEDINGS AFTER REMAND.

When a case has been once decided by an appellate court and remanded to the lower court, whatever was before the appellate court and disposed of by it is considered as finally settled. The lower court is bound by the decree as the law of the case, must carry it into execution according to the mandate, and cannot grant any further relief as to any matter decided on the appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

2. APPEAL AND ERROR (§ 1195*)—DECISION AS LAW OF CASE—PROCEEDINGS AFTER REMAND.

Where the Circuit Court of Appeals, on an appeal in an infringement suit decided that complainant's patent was not infringed, that an injunction against defendant was erroneously granted, and reversed and remanded the case, and such decision necessarily involving the construction and scope of the patent, the lower court was without power, at least without prior permission from the appellate court, to reopen the case for further proof on that question.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

3. APPEAL AND ERROR (§ 1195*)—LAW OF CASE.

Every question properly involved upon the appeal, which was determined by the appellate court and constituted a basis for its conclusion upon the ultimate question presented, becomes a part of such law of the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.*]

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Loyal E. Knappen, Judge.

Suit in equity by Frank P. D'Arcy against the Jackson Cushion Spring Company. Decree for defendant, and complainant appeals. Affirmed.

See, also, 181 Fed. 340, 104 C. C. A. 170.

Chappell & Earl, of Kalamazoo, Mich., for appellant.

L. V. Moulton, of Grand Rapids, Mich., for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and SANFORD, District Judge.

SANFORD, District Judge. This suit was brought by the appellant, Frank P. D'Arcy, against the appellee, the Jackson Cushion Spring Co., for the alleged infringement of letters patent No. 785,-410, for improvements in springs, issued to D'Arcy, March 21, 1905, and relating to a wire fastening device for securing spring structures in upholstery construction. The defenses relied on were the invalidity of D'Arcy's patent for want of invention, and non-infringement. After a hearing on the pleadings and proof, an interlocutory decree was

entered, adjudging that claim 2 of D'Arcy's patent was valid and was infringed by the defendant's fastening device known in the record as Style 3, but was not infringed by its device known as Style 1, ordering a reference to ascertain profits and damages; and enjoining further infringement. From this interlocutory decree the defendant was granted a broad appeal. On hearing the appeal, this court being of the opinion, after an extended consideration of the merits, that claim 2 of D'Arcy's patent was restricted to the form shown and described in his specifications and drawings, and that, although valid when thus restricted, it was not infringed by defendant's Style 3, the only device involved under the appeal, reversed so much of the interlocutory decree as awarded an injunction and remanded the case for further proceedings not inconsistent with the opinion of the court. Jackson Co. v. D'Arcy (6th Circ.) 181 Fed. 340, 344, 104 C. C. A. 170; and order modifying mandate.

After this mandate had been filed in the court below the defendant moved for a final decree. The complainant resisted this motion and moved for an order to reopen the case and for leave to take further testimony. On consideration of these motions the court below entered a final decree, denying the complainant's motion to reopen the case for further proof, adjudging that D'Arcy's patent was valid, but had not been infringed by the defendant, and dismissing the bill, with costs. From this decree D'Arcy has again appealed to this court.

1. A preliminary motion made by the appellee to dismiss the appeal was heard with the argument upon the merits. Several grounds of this motion obviously relate to the merits of the appeal. And as the only ground of the motion which was relied on in the argument, relating to the alleged incompleteness and insufficiency of the printed transcript, was met by the appellant by filing at the hearing, with the leave of the court, a complete supplemental transcript, this being done in accordance with a previous stipulation of counsel and without objection on the part of the appellee, the motion to dismiss must be dismissed, without consideration of its merits otherwise.

2. The chief contention of the appellant on the merits of the appeal, is that the court below was in error in denying his motion to reopen the case for further proof; it being, in effect, conceded both in his oral argument and brief, that if there was no error in this regard, the court below, in view of the restricted scope given to claim 2 of D'Arcy's patent in the opinion of this court on the former appeal, correctly held, on the record as it then stood, that there was no infringement by either of the defendant's devices.

In the former opinion of this court it was held that, in view of the prior state of the art, in which D'Arcy was not a pioneer in inventing a wire fastener to secure the parts of spring structures together, but merely devised a new form of accomplishing this result, and in view of the express language of his claim and the description in his specifications, his invention did not extend broadly, as urged, to the use of a wire fastener made in the form of a "double loop," without regard to the functions of its several parts, but was restricted to the form shown and described in his specifications and drawings, with the respective

functions of the arms and bases of the double loop, as therein shown, and limited to the structure therein disclosed. Jackson Co. v. D'Arcy (6th Circ.) supra, 181 Fed. at page 343, 104 C. C. A. 170.

The complainant, in support of his motion to reopen the case for further proof in the court below, offered certain affidavits in reference to the manner in which both the complainant and the defendant had applied their wire fasteners to the spring structures and testimony given by an agent of the defendant in subsequent litigation between the parties relating to another patent, which, it was urged, would more fully illustrate the true principle of D'Arcy's device, and show that it was of greater importance and entitled to a broader interpretation than it had been accorded in the opinion of this court, and would, under such broader construction, show that his claim was infringed by both of the defendant's devices, Style 1 and Style 3.

The court below was of opinion that, without the previous sanction of this court, it had no authority to reopen the case for further proof in reference to the question of the infringement by Style 3, which had been passed upon by this court; and that, even if it had authority to reopen the proof as to the question of infringement by Style 1, the complainant's application should be denied for the reason that the proffered testimony, when considered in connection with that already in the case, would not justify a different conclusion from that which it had formerly reached as to the construction of the D'Arcy patent, or have any substantial tendency to change its own conclusion that it was not infringed by the defendant's Style 1.

[1, 3] 3. When a case has been once decided by an appellate court and remanded to a lower court, whatever was before the appellate court and disposed of by it, is considered as finally settled. The lower court is bound by the decree as the law of the case, and must carry it into execution according to the mandate; and cannot vary it or examine it then for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded. Sibbald v. United States, 12 Pet. 488, 492, 9 L. Ed. 1167; Clark v. Keith, 106 U. S. 464, 465, 1 Sup. Ct. 568, 27 L. Ed. 302; In re Sanford Co., 160 U. S. 247, 255, 16 Sup. Ct. 291, 40 L. Ed. 414; Illinois v. Railroad Co., 184 U. S. 77, 91, 22 Sup. Ct. 300, 46 L. Ed. 440. And see Ruggles v. Buckley (6th Circ.) 192 Fed. 907, 909, 113 C. C. A. 299, and Kimberly v. Arms (C. C.) 40 Fed. 548, 551. Thus where the Circuit Court of Appeals has decided, upon an appeal from an interlocutory decree granting an injunction, that the complainant's patent is valid, that the defendant has infringed, and that a perpetual injunction has been properly awarded, there is no power in the lower court, after the case has been remanded, to either dissolve, modify or suspend the injunction. Bissell Co. v. Goshen Co. (6th Circ.) 72 Fed. 545, 560, 19 C. C. A. 25. The opinion delivered by the appellate court at the time of rendering its decree, may be consulted to determine what was intended by its mandate. In re Sanford Co., supra, 160 U. S. at page 256, 16 Sup. Ct. 291, 40 L. Ed. 414, and cases therein cited. And every question

properly involved upon the appeal, which is determined by the appellate court and constitutes, in part at least, the basis for its conclusion upon the ultimate question presented, becomes a part of the law of the case controlling the lower court in its subsequent proceedings. Thus in a suit upon a contract, while the precise question for review before this court was whether it was error to have taken the case from the jury, nevertheless, as the question whether the evidence tended to show any contract properly involved the question of the character and extent of the contract, and the finding of this court upon the latter question constituted, in part at least, the basis for its conclusion upon the former, such finding became part of the law of the case in the trial court in the new trial which was directed. Chesapeake Co. v. McKell (6th Circ.) 209 Fed. 514, 126 C. C. A. 336.

[2] In considering, on the former appeal in the present case, the question whether the defendant had been rightly enjoined from infringing claim 2 of the D'Arcy patent by its Style 3, the question of the construction and scope of this claim of the D'Arcy patent was directly and properly involved in determining whether or not it had been infringed by this style. Therefore, in the light of the principles above stated, we think it clear that the matters determined by this court as to the construction and scope of this claim and its non-infringement by Style 3, which, as shown by the opinion, constituted the basis for the conclusion reached in reference to the injunction, became a part of the law of the case for the guidance of the lower court in the further proceedings for which the case was remanded. And we therefore conclude that the trial court correctly held that it was without power, in the absence at least of prior permission from this court, to reopen the case for further proof as to the scope of the D'Arcy patent and its infringement by Style 3. Furthermore, we may add, the additional testimony proffered by the complainant had no substantial tendency, in connection with the other facts appearing in the record, to show that a wrong conclusion had been reached upon these questions in the former opinion of this court, or to lead to any different result. We accordingly find no error in the action of the court below in declining to reopen the case for further proof in the matter of infringement by defendant's Style 3.

4. A different question is, however, presented as to reopening the case for further proof in the matter of infringement by defendant's Style 1. As the interlocutory decree was in favor of the defendant upon this branch of the case, the question of the infringement of the D'Arcy patent by defendant's Style 1 was not brought before this court by the former appeal, and was not considered by it. This court did, however, upon the defendant's appeal, in reaching its conclusion as to non-infringement by Style 3, consider and determine, on the merits, the underlying question as to the scope of the complainant's patent which was necessarily involved in determining as to its infringement by either Style 1 or Style 3. We do not now decide, however, whether, in view of the authorities above cited, the determination of this question by this court, as shown by its former opinion, in reaching its conclusion in reference to enjoining infringement by Style 3, should

be held to have become the law of the case in so far as the trial court was concerned, in reference also to infringement by Style 1, so that, after the case had been remanded, it was without power, at least without prior leave from this court, to hear any further evidence bearing upon the scope of the D'Arcy patent as it had been determined by this court; it being unnecessary to now determine this question, since the appellant has, by its counsel, stated in argument that the matter of infringement by defendant's Style 1 is of such little practical importance that it does not desire to have the case remanded on the question of infringement by this style, unless it is also remanded for the taking. of further proof as to infringement by Style 3.

Furthermore, we may add, we entirely agree with Judge Knappen's conclusion that the additional testimony proffered—little of which appears to have been newly discovered—had, in connection with that already in the case, no substantial tendency to show that a wrong conclusion had been reached by the trial court, on the interlocutory hearing upon the pleadings and proof, as to the non-infringement of the D'Arcy patent by defendant's Style 1, and would not have justified a different conclusion upon that question. So that even if it be assumed that, if newly discovered evidence of a material character had been proffered upon this question, the trial court would have been authorized, in its discretion, to reopen the interlocutory decree for further proof upon this point, we are clearly of opinion that there was, in view of the character of the testimony proffered, no abuse of discretion in the action of the court below, and that, on the contrary, it correctly refused, in the exercise of a sound discretion, to reopen the proof upon this branch of the case.

5. We find no error in the decree of the court below. It will accordingly be affirmed, with costs.