## WILLIAMS v. ANSEHL.

(Circuit Court of Appeals, Eighth Circuit. March 13, 1922.)

No. 5898.

Appeal and error ⊜⟶1198—On reversal of decree in equity trial court must enter decree in strict conformity with mandate.

> On reversal of a decree in equity by an appellate court the trial court must enter a decree strictly in accordance with the opinion and mandate of the appellate court, which finally dispose of the issues, and can add nothing to what the mandate directs to be done.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Suit in equity by Thomas L. Williams, doing business as the Maybell Laboratories, against Benjamin Ansehl, doing business as the Lashbrow Laboratories Company. Decree for defendant on cross-bill, and complainant appeals. Modified and affirmed.

See, also, 267 Fed. 9.

Delos G. Haynes, of St. Louis, Mo., for appellant.

George J. Breaker, of St. Louis, Mo. (Kay, Totten & Brown, of Washington, D. C., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. Upon a former appeal this court reversed a decree in favor of the plaintiff, the appellant on this appeal, holding that his trade-mark infringed Mr. Ansehl's. In conformity with the opinion (267 Fed. 9) the mandate directed the District Court "to enter a decree enjoining the appellee, Thomas L. Williams, doing business as the Maybell Laboratories, from further use of the trademark 'Lash-Brow-Ine,' but that there be no accounting."

The District Court, upon the receipt of the mandate, entered a new decree, which, after reciting certain findings of fact, contained the following provisions:

"Fifth, that a permanent injunction be forthwith entered in accordance with the prayer of the cross-bill of the said Benjamin Ansehl, restraining the said Thomas L. Williams, in his own name and in the name of the Maybell Laboratories, his and their attorneys, agents, servants, clerks, employees, workmen, associates, confederates, assignees, and successors in business, and all persons holding under or through them or either of them, from further

infringement of the rights, trade-mark, and trade-name of the said Benjamin Ansehl and from unfair competition with the said Benjamin Ansehl in trade.

"Sixth, it is further ordered, adjudged, and decreed that the said Thomas L. Williams, for himself and for the said Maybell Laboratories, shall forthwith deliver up to this court, to be destroyed, all labels, advertisements, cards, signs, pictures, literature, stationery, boxes, cans, packages, and other articles of any nature whatsoever now or hereafter in the possession or under the control of the said Thomas L. Williams or of the said Maybell Laboratories containing in any manner the word or words 'Lash-Brow-Ine' or containing the words 'The Lash-Brow-Ine Girl,' or containing any advertising matter resembling, in dress, style of type, or otherwise, the advertising matter heretofore employed by the said Maybell Laboratories in imitating the business of the said Benjamin Ansehl and in exploiting the preparation known as 'Lash-Brow-Ine,' and that said Thomas L. Williams and the said Maybell Laboratories be required to obliterate or otherwise remove from any medical preparation for stimulating and promoting the growth of eyebrows and eyelashes in his or their possession or under his or their control any mark, label, or device including the words 'Lash-Brow-Ine' or 'Lash-Brow' or containing words 'The Lash-Brow-Ine Girl,' or resembling in dress, style, type, or otherwise any advertisement or label heretofore employed by the said Maybell Laboratories in connection with the preparation heretofore known as 'Lash-Brow-Ine,'" and dismissed the plaintiff's (appellant on this appeal) complaint.

There are seven assignments of error. The first three are to findings of fact and need not be noticed. The fourth assigns as error "the granting of a permanent injunction restraining appellant from unfair competition with the appellee in trade." The fifth assigns "ordering appellant to deliver up to the court to be destroyed any or all labels, advertising cards, pictures, etc., containing the words 'Lash-Brow-Ine' or the words 'Lash-Brow-Ine Girl.'"

The sixth assigns as error "in requiring the appellant to obliterate or otherwise remove from any medical preparation for stimulating or promoting the growth of eyebrows or eyelashes in his or their possession, or under his or their control, any mark, label or device including the words 'Lash-Brow-Ine' or 'Lashbrow' or containing the words 'The Lash-Brow-Ine Girl.'"

The seventh complains that "the decree is indefinite or might be construed to be at variance with the opinion and mandate of the Circuit Court of Appeals in this cause."

As on appeals in equity an appellate court of the United States tries the case de novo, a trial court can, upon a reversal, only enter a decree in conformity with the opinion and mandate. The District Court cannot vary it or add anything, but must enter a decree strictly in accordance with the directions of the appellate court. In re Washington, etc., Railroad, 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339; Gaines v. Rugg, 148 U. S. 228, 243, 13 Sup. Ct. 611, 37 L. Ed. 432; In re Sanford, etc., Co., 160 U. S. 247, 255, 16 Sup. Ct. 291, 40 L. Ed. 414; Illinois v. Illinois Central R. R., 184 U. S. 77, 92, 22 Sup. Ct. 300, 46 L. Ed. 440. As stated by Judge Adams, in delivering the opinion of this court in Harrison v. Clarke, 182 Fed. 765, 767, 105 C. C. A. 197, 199:

"It is well-settled practice in the federal courts of appeal in reviewing equity causes to dispose of them finally on the record before the appellate court and not remand them for further trial."

To the same effect is D'Arcy v. Jackson, etc., Co., 212 Fed. 889, 129 C. C. A. 409, where the court said:

"When a case has been once decided by an appellate court and remanded to a lower court, whatever was before the appellate court and disposed of by it is considered as finally settled. The lower court is bound by the decree as the law of the case, and must carry it into execution according to the mandate, and cannot vary it or examine it then for any other purpose than execution, or give any other or further relief, * * * or intermeddle with it, further than to settle so much as has been remanded"—citing numerous authorities.

The fourth assignment of error complains of the fifth paragraph of the decree, whereby the appellant is enjoined from unfair competition. This is clearly beyond the directions of the mandate of this court on the former appeal. The District Court, when it rendered its decree at the first hearing, did not try or pass on that issue, although prayed in appellee's cross-complaint, nor did this court on the former appeal do so, nor did the mandate direct such a provision to be entered in the decree by the District Court upon receipt of the mandate. As hereinbefore stated, the District Court, in entering a decree on a mandate of an appellate court, can add nothing to what the mandate directed to be done.

The fifth assignment must also be sustained. The court in the sixth paragraph of the decree added this provision to the decree, which neither the opinion nor mandate authorized. It ordered appellant to forthwith deliver up to the court, to be destroyed, all labels, pictures, etc., containing the words "Lash-Brow-Ine" or the words "Lash-Brow-Ine Girl." Neither the opinion nor the mandate required the surrender of these articles for destruction, nor is it necessary that they should be surrendered and destroyed, as, by obliterating the words found to be an infringement of appellee's trade-mark, he is fully protected. The picture of the girl used in appellant's advertisements, and which was exhibited to the court during the argument, if the offending words are obliterated, cannot deceive any one as representing the article manufactured by appellee, as it does not in any way resemble in dress, style, or type the advertising matter of appellee. The pictures, and perhaps many of the cards, signs, boxes, cans, packages, and other articles ordered by the decree to be destroyed, are of considerable value and can be used without the offending trade-mark on them. Why then should they be destroyed? This court in its former opinion did not require it, deeming it unnecessary for the protection of appellee's trademark.

The part of the decree requiring appellant "to obliterate or otherwise remove from any medical preparation for stimulating and promoting the growth of eyebrows and eyelashes these words" is all that is needed for the protection of appellee's trade-mark.

The decree must be modified by eliminating the fifth paragraph and amending the sixth paragraph so as to read:

"Sixth. It is further ordered, adjudged, and decreed that the said Thomas L. Williams, for himself and for the said Maybell Laboratories, be required to obliterate or otherwise remove from any medical preparation for stimulating or promoting the growth of eyebrows and eyelashes, in his or their possession or under his or their control, and from all labels, advertisements, cards,

signs, pictures, literature, stationery, boxes, cans, packages, and other articles of any nature whatsoever, now or hereafter in his or their possession, any mark, label, or device containing in any manner the word or words 'Lash-Brow-Ine' or 'Lash-Brow-Ine Girl,' or containing any advertising matter resembling in dress, style of type, or otherwise imitating the business of said Benjamin Ansehl in exploiting the preparation known as 'Lash-Brow-Ine.' "

The sixth and seventh assignments are without merit.

The decree as modified is affirmed; the appellee to pay the costs of the appeal.