### SNELL et al. v. J. C. TURNER LUMBER CO. *

(Circuit Court of Appeals, Second Circuit. November 6, 1922.)

No. 74.

1. **Judgment ⬧588—Previous decree for share of profits held bar to recovery for damage for breach of contract of employment.**

   Where a contract between a lumber company, a sawmill company, and plaintiffs provided that plaintiffs should be employed by the sawmill company at a stipulated salary and a share of the profits for so long as their work was satisfactory, a decree entered in a previous suit by plaintiffs against the two companies for an accounting between the companies and a division of the profits in accordance with the contract is a bar to a subsequent action by plaintiffs against the lumber company for damages caused by breach of the contract.

2. **Judgment ⬧567—Consent decree is conclusive.**

   A decree rendered with consent of the parties is just as conclusive against a subsequent action as would be a decree rendered after a trial of the issues.

3. **Judgment ⬧594—Decree bars recovery of demands that could have been recovered.**

   Whatever right of action plaintiffs have for breach of a contract of employment is indivisible, and one determination of their rights by decree is conclusive against any future action for damages, not only as to every matter which was offered and received to sustain or defeat the claim or

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 43 Sup. Ct. 362, 67 L. Ed. —.

demand at the prior suit, but as to any admissible matter which might have been offered for that purpose.

In Error to the District Court of the United States for the Southern District of New York.

Action by Frank N. Snell and another against the J. C. Turner Lumber Company for damages for breach of contract. Judgment for defendant, and plaintiffs bring error. Affirmed.

See, also, 284 Fed. 847.

Frederick Seymour, of New York City (William M. Toomer, of Jacksonville, Fla., of counsel), for plaintiffs in error.

Samuel Silbiger, of Brooklyn, N. Y., for defendant in error.

Before ROGERS and MANTON, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

MANTON, Circuit Judge. The parties will be referred to by the designations used below; i. e., the appellants will be referred to as the plaintiffs, and the appellee as the defendant. This writ has been allowed, seeking to review a judgment entered in favor of the defendant. The action was brought by the plaintiffs for the recovery of $625,000 as damages for alleged breach of a contract dated July 1, 1919, made between the Frank Snell Sawmill Company, as party of the first part, the defendant, as the party of the second part, and the plaintiffs, as parties of the third part.

Briefly, the contract provided that the plaintiffs would manage and conduct the mill and logging operations of the sawmill company near Council, Ga., and were to be paid therefor a monthly salary and, in addition thereto, 42 per cent. of the net profits realized from the business, after the retirement and discharge of outstanding bonds, preferred stock, and debts. This action is founded upon the alleged improper discharge of the plaintiffs from the employ of the sawmill company. In the answer interposed there is pleaded a prior action brought by the plaintiffs against the defendants and the sawmill company, and that a final adjudication and decree by consent was entered, which is pleaded as a bar to this action. A motion was made for judgment on the pleadings, and the decision below sustained the defense pleaded, and an order was entered accordingly. An amended complaint was served, which was identical with the original complaint, excepting that it added a paragraph, alleging no new facts, but negotiations preceding and leading up to the execution of the contract, and which pleads some conclusions as to the construction to be placed on the contract. A motion was then made to strike out the amended complaint as sham and frivolous, and for judgment on the pleadings, and this motion was granted, resulting in the judgment and order from which the present appeal is taken.

In the previous litigation resulting in the decree referred to in the District Court for the District of Georgia, the prayer for relief was as follows:

"5. That a strict accounting may be taken of the actual investment of the J. C. Turner Lumber Company in the stocks and bonds of the Frank Snell

Sawmill Company, the advances made by J. C. Turner Lumber Compony to Frank Snell Sawmill Company, the commissions claimed by said J. C. Turner Lumber Company and charged or credited by the parties, respectively, under the terms of the contract of July 1, 1919, and that the entire business of the said Frank Snell Sawmill Company be liquidated, and a distribution of its net profits, applicable to common stock, be made on a basis of 58 per cent. to said J. C. Turner Lumber Company and 42 per cent. to your petitioners in the proportions that $120,000 bears to $25,000.

"6. That your petitioners have such other and further relief as to the court may seem equitable, just, and proper."

[1] Upon this a consent decree was entered, which we think settled the rights and obligations of the parties under the terms of the contract. But it is claimed that, in this action for damages, they have claims for future profits that would have been earned, except for the alleged breach of contract, and the contention is that such future profits were not asked for in the prayer for relief in the prior action.

The plaintiffs did not share in losses and had no joint interest in the property. There was no relation of partnership. The contract appears to be one of employment, and the payment of a percentage of the profits in addition to the salaries is provided. This was but an additional compensation for services. The contract specifically refers to the relationship of the plaintiffs to the mill company as "employees," and used the term "employment." It provides:

"It is not intended hereby to give to the said parties of the third part [plaintiffs] a contract of permanent employment, but such employment shall continue as long as the business is efficiently managed and conducted to the satisfaction of the party of the second part [defendant]."

In addition thereto, this term of the contract gave the right to the defendant to dismiss the plaintiffs if their services were not to their satisfaction. The present action is founded upon the same contract and upon the same breach as the action in the District Court of Georgia, and in the prior action the relief prayed for included the profits to which the plaintiffs were entitled under their contract, and the present action is for the same profits in the form of damages. See Snell v. Frank Snell Saw Mill Co. (D. C.) 271 Fed. 696.

[2, 3] The fact that the decree in the Georgia action was by consent does not take away from its effectiveness as binding and conclusive, just as it would be after a trial on the merits. Harding v. Harding, 198 U. S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066. But it is contended that in the prior action no personal judgment could be rendered against the lumber company because the bill in the prior action alleged that the sawmill company was a nonresident. But the sawmill company was made a party and appeared in the proceeding. Whatever right of action the plaintiffs had for breach of contract of employment, it was indivisible, and one determination of their rights or a recovery is a bar to any future action for damages. In Harrison v. Clarke, 182 Fed. 765, 105 C. C. A. 197, it was said that:

"The rule is well settled that one having a claim against another, arising either on the breach of contract or for a tort, must recover in one suit for all the damages he may suffer because thereof, but is not permitted to split his cause of action and recover in successive suits therefor."

See, also, Nesbitt v. Independent District, 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562, Cromwell v. Sac County, 96 U. S. 51, 24 L. Ed. 681, and Srere v. Gottesman (C. C. A.) 270 Fed. 188.

A former judgment is a finality as to the claim or demand in controversy, including parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Old Dominion Copper Mining, etc., Co. v. Lewisohn, 202 Fed. 178, 120 C. C. A. 392; Pakas v. Hollingshead, 184 N. Y. 211, 77 N. E. 40, 3 L. R. A. (N. S.) 1042, 112 Am. St. Rep. 601, 6 Ann..Cas. 60.

The plaintiffs instituted the action in the District Court of Georgia. They agreed to a consent decree, and in that decree there was no express reservation, reserving to them any right of action arising under the contract, and their consent to the entry of that decree was a settlement and a bar to any further litigation on that contract.

We think there was no error below. The judgment is affirmed.