**POCONO RUBBER CLOTH CO. v. J. A. LIVINGSTON, Inc. ***

**No. 6185.**

Circuit Court of Appeals, Third Circuit.

July 28, 1937.

Rehearing Denied Nov. 2, 1937.

*Rehearing denied Nov. 2, 1937.

Munn, Anderson & Liddy, of New York City (T. Hart Anderson, and John H. Glaccum, both of New York City, of counsel), for appellant.

Milton E. Mermelstein, of New York City (Abraham Shamos, and Winfield E. Aronberg, both of New York City, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from an interlocutory decree of the District Court awarding damages and profits to the plaintiff, J. A. Livingston, Inc.

This case was here before. The District Court enjoined the defendant from using the word "Swavel" on articles of women's and children's clothing. We modified the decree of the District Court and directed it to enjoin the defendant from using the word " 'Swavel' not only on articles of women's and children's clothing, but from using it on any of its products." As thus modified, we affirmed the decree with costs.

When the mandate of this court went down, the District Court in its decree extended the injunction and enjoined the defendant from "manufacturing, selling, offering for sale, advertising and licensing or permitting other persons to manufacture, sell, offer for sale or advertise any articles bearing the trade-mark 'Swavel', either alone or in combination with other words or symbols." The court, however, went further and awarded the plaintiff an accounting to ascertain all damages suffered by it and all profits realized by the defendant from April 4, 1932, and appointed

Alexander T. Schenck, Esq., special master to determine and report what these were.

The appeal was taken from the "order and decree" as a whole, but the appellant particularly complains in its assignment of error about that part which awards damages and profits. When the case was first tried and concluded, the plaintiff asked the court to sign a decree allowing damages and profits, but it refused and in addition to the injunction forbidding the use of the word "Swavel" on articles of women's and children's clothing, it awarded costs only to the plaintiff. As above stated, we extended the injunction so as to cover all of defendant's products. As thus modified, we affirmed the decree with costs. With the exception of the modification, the decree of the District Court stood as originally made by it, and that did not award damages and profits.

■ When a case in equity has been carried to an appellate court, and the mandate from that court goes down to the trial court, it is the duty of that court to enter a decree in conformity with the mandate and do nothing contrary to it or vary it. D'Arcy v. Jackson, etc., Co. (C.C.A.) 212 F. 889; Richards v. Harrison et al., (D.C.) 218 F. 134, 137; Williams v. Ansehl (C.C.A.) 279 F. 550; Goldwyn Pictures Corporation et al. v. Howells Sales Co., Inc. et al. (C.C.A.) 287 F. 100, 102. In entering the decree allowing damages and profits, the District Court went beyond the law of the case and exceeded its authority.

■ The plaintiff says that the decree from which this appeal was taken was not a final decree but interlocutory, though not one of those from which an appeal may be taken. Section 129 of the Judicial Code, as amended (28 U.S.C.A. § 227), provides that:

"Where, upon a hearing in a district court, or by a judge thereof in vacation, an injunction is granted, continued, modified, refused, or dissolved by an interlocutory order or decree, or an application to dissolve or modify an injunction is refused, * * * an appeal may be taken from such interlocutory order or decree to the circuit court of appeals. * * * The appeal to the circuit court of appeals must be applied for within thirty days from the entry of such order or decree, and shall take precedence in the appellate court; and the proceedings in other respects in the district court shall not be stayed during the pendency of such appeal unless otherwise ordered by the court, or the appellate court, or a judge thereof."

In the proceedings in the District Court after the mandate went down, the injunction against the defendant was "continued" and "modified" by an interlocutory decree. An appeal, therefore, could be taken from it within thirty days as was done in this case.

The decree is reversed with directions to enter a decree in conformity with our former mandate without allowing damages and profits.