## THORNTON v. CARTER.

## CARTER v. THORNTON.

### Nos. 11479, 11487.

Circuit Court of Appeals, Eighth Circuit.

Feb. 6, 1940.

Joseph M. Hill, Henry L. Fitzhugh, and John Brizzolara, all of Fort Smith, Ark., for John T. Thornton.

Clinton R. Barry, of Fort Smith, Ark. (Geo. T. Arnett, of Idabel, Okl., on the brief), for Wilma I. Carter.

Before STONE, GARDNER, and SAN-BORN, Circuit Judges.

SANBORN, Circuit Judge.

These are cross-appeals from a decree entered upon a mandate of this court (see Carter v. Thornton, 8 Cir., 93 F.2d 529). The suit is one in interpleader brought by the Metropolitan Life Insurance Company against John T. Thornton and Wilma I. Carter, each of whom claimed the proceeds of a $2,500 life policy issued by the company to Van R. Carter. The company paid into the District Court the $2,500. After trial, that court entered a decree in favor of Thornton. The decree provided that he should have the fund on deposit in court less $123.20, the costs and disbursements of the plaintiff ($100 allowed his attorneys and $23.20 expenses); that he should have judgment against Mrs. Carter for his costs and for all of the plaintiff's costs and dis-

bursements; and that the plaintiff was discharged from further liability under its policy. The effect of this decree was to give Thornton $2,376.80 of the fund deposited by the plaintiff, a judgment against Mrs. Carter for $123.20, and an additional judgment against her for Thornton's costs. Mrs. Carter appealed. On January 10, 1938, this court filed its opinion, above referred to, the concluding paragraph of which was: "The judgment appealed from is reversed and the case remanded with directions to enter a decree in favor of appellant." On January 12, 1938, a decree was entered in this court. Thornton applied for a rehearing, but his application was denied. He did not petition the Supreme Court of the United States for certiorari, and our decree became final. The mandate of this court went down and was received by the District Court on February 18, 1938. No decree for Mrs. Carter was entered on that day.

The form of the decree which Mrs. Carter had appealed from and which we reversed had not been challenged on appeal. It was Mrs. Carter's contention that the decree should have been for her and not for Thornton. The sole question we were called upon to decide was which one of the parties was entitled to the decree. We decided that question. Under the circumstances, the District Court, on February 18, 1938, should, pursuant to our mandate, have entered a decree in favor of Mrs. Carter for $2,500 ($2,376.80 plus $123.20) and her costs.

On September 19, 1938, the District Court granted leave to Thornton to file a supplemental answer which challenged the correctness of our decision and prayed for judgment in his favor notwithstanding our mandate. Mrs. Carter moved to dismiss this answer. The District Court, after a hearing, filed an opinion in which our decision of the case was discussed upon the merits, and the supplemental answer was ordered dismissed. The order dismissing the supplemental answer was filed on February 9, 1939. On February 14, 1939, Mrs. Carter moved for judgment on the mandate. She asked that the decree required by the mandate be entered, and for judgment against Thornton for the $123.20 which the Insurance Company was allowed to withdraw from the fund deposited by it. She also asked for judgment against Thornton "in a sum which is equal to six per cent (6%) interest on the money with-

drawn from the registry of the court by the defendant, John T. Thornton, to be computed from the date of such withdrawal until satisfaction of the judgment herein by said Thornton." Thornton filed an answer to this motion of Mrs. Carter for judgment on the mandate. He asserted that she was not entitled to any judgment; that she was estopped from making any claim for costs and expenses allowed the Insurance Company out of the fund deposited; that she was not entitled to interest upon her claim until it was reduced to judgment and that interest would only begin to run from the date when the judgment was signed; that Mrs. Carter owed him $102.61 for a balance due Thornton & Carter on a charge account and for the amount paid by Thornton for the services of the doctor and nurse who attended Mrs. Carter's husband, Van R. Carter, during his last illness. The District Court held a hearing upon the issues raised by the motion of Mrs. Carter for judgment on the mandate and the answer of Thornton thereto. Thereafter, on April 4, 1939, it entered the judgment and decree which is appealed from, which provided that the $100 attorneys' fees and $23.20 disbursements allowed the Insurance Company out of the fund deposited by it be borne one-half by Thornton and one-half by Mrs. Carter; that Mrs. Carter have judgment against Thornton for $2,438.40, "together with all her costs in this behalf laid out and expended, except her one-half of the attorneys' fees and expenses hereinabove adjudged"; that the judgment be "credited" with the sum of $116.61 "consisting of a claim of defendant Thornton against defendant Carter amounting to $102.61, and premiums paid by defendant Thornton amounting to $14.00"; and that the judgment bear interest at the rate of six per cent per annum from February 9, 1939, until paid.

Thornton attacks the judgment and decree upon the ground that the District Court should not have dismissed his supplemental answer but should have sustained it as sufficient and should have denied Mrs. Carter any judgment or decree. Mrs. Carter attacks the decree on the ground that she should not have been required to pay any part of the costs and expenses awarded the Insurance Company out of the fund and that she should have had judgment against Thornton for $2,500, with interest from October 15, 1936 (the time when she contends he obtained the fund from the clerk of the court below), less a deduction of $116.61 "conceded to be due defendant Thornton by defendant Wilma I. Carter".

■ There can be no question of the right of an appellate court of the United States, when it reverses a case, to direct the entry of the proper judgment or decree in the lower court and thus terminate the litigation upon the merits, (1) in an equity case [1]; (2) in a jury-waived case submitted upon an agreed statement of facts [2]; and (3) in a jury-waived case in which the trial court's findings of fact are sustained by the evidence and are complete, but its conclusions of law and judgment are erroneous.[3]

■■ When a case has been decided by this court on appeal and remanded to the District Court, every question which was before this court and disposed of by its decree is finally settled and determined. The District Court is bound by the decree and must carry it into execution according to the mandate. It cannot alter it, examine it except for purposes of execution, or give any further or other relief or review it for apparent error with respect to

[1] Harrison v. Clarke, 8 Cir., 182 F. 765, 767; Unkle v. Wills, 8 Cir., 281 F. 29, 34; Williams v. Ansehl, 8 Cir., 279 F. 550, 551, 552; Johnson v. Umsted, 8 Cir., 64 F.2d 316, 318.

[2] Rathbone v. Board of Commissioners, 8 Cir., 83 F. 125, 132; Springfield·Safe-Deposit & Trust Co. v. City of Attica, 8 Cir., 85 F. 387, 392; Saltonstall v. Russell, 152 U.S. 628, 633, 14 S.Ct. 733, 38 L.Ed. 576; Routzahn v. Mason, 6 Cir., 13 F.2d 702, 703, 704; Northern Pacific Ry. Co. v. Van Dusen Harrington Co., D.C., 34 F.2d 786.

[3] Fort Scott v. Hickman, 112 U.S. 150, 5 S.Ct. 56, 28 L.Ed. 636; Allen v. St. Louis Bank, 120 U.S. 20, 7 S.Ct. 460, 30 L.Ed. 573; Cleveland Rolling Mill Co. v. Rhodes, 121 U.S. 255, 264, 7 S.Ct. 882, 30 L.Ed. 920; Redfield v. Parks, 132 U.S. 239, 252, 10 S.Ct. 83, 33 L.Ed. 327; Stanley v. Schwalby, 162 U.S. 255, 282, 283, 16 S.Ct. 754, 40 L.Ed. 960; Northern Pacific Ry. Co. v. Van Dusen Harrington Co., D.C., 34 F.2d 786; International Harvester Co. v. National Surety Co., 7 Cir., 44 F.2d 746, 750; Jensma v. Sun Life Assur. Co., 9 Cir., 64 F.2d 457, 464.

any question decided on appeal, and can only enter a judgment or decree in strict compliance with the opinion and mandate.[4]

A mandate is completely controlling as to all matters within its compass, but on remand the trial court is free to pass upon any issue which was not expressly or impliedly disposed of on appeal.[5] Since, however, a final judgment upon the merits concludes the parties as to all issues which were or could have been decided (Guettel v. United States, 8 Cir., 95 F.2d 229, 230, 118 A.L.R. 1060 and cases cited), it is obvious that such a judgment of this court on appeal puts all such issues out of the reach of the trial court on the remand of the case. That court is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of this court deciding the case. See Goldwyn Pictures Corp. v. Howells Sales Co., 2 Cir., 287 F. 100, 102. If a judgment or decree of this court which disposes of a case upon the merits has become final, no purpose can be served by considering whether it is right or wrong. A judgment which is wrong, but unreversed, is as effective as a judgment which is right.[6]

After a case has been brought to this court and decided and a mandate has been issued to the court below, a second appeal brings up nothing for revision but the proceedings subsequent to the mandate; and "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions, or speculate on chances from changes in its members." United States v. Camou, 184 U.S. 572, 574, 22 S.Ct. 505, 506, 46 L.Ed. 694. See, also, Pike Rapids Power Co. v. Minneapolis, St. Paul, etc. Ry. Co., 8 Cir., 106 F.2d 891, 894, and cases cited.

From what has been said, it is clear that Thornton's contention that he has a right to relitigate and reargue what has been finally decided by this court is frivolous.

We concern ourselves only with the questions which are raised by the appeal of Mrs. Carter.

As we have already pointed out, Mrs. Carter, on February 18, 1938, was entitled to a decree which would give to her the same relief which was awarded to Thornton under the decree which had been reversed. The decree in favor of Thornton gave him the equivalent of $2,500 ($2,376.80 of the deposit, and $123.20 judgment against Mrs. Carter) and his costs. Therefore, if the court below had on February 18, 1938, entered a decree in favor of. Mrs. Carter and against Thornton for $2,500 and her costs, it would have complied with the mandate of this court. This decree, however, was not entered. It is now apparent that Thornton has the fund which was deposited and has had it since the fall of 1936. Mrs. Carter contends that she ought to have interest on her money which Thornton has had from the

---

[4] Sibbald v. United States, 12 Pet. 488, 492, 9 L.Ed. 1167; Clark v. Keith, 106 U.S. 464, 465, 1 S.Ct. 568, 27 L.Ed. 302; In re Washington, etc. R. Co., 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Gaines v. Rugg, 148 U.S. 228, 243, 13 S.Ct. 611, 37 L.Ed. 432; In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414; In re Potts, 166 U.S. 263, 267, 17 S.Ct. 520, 41 L.Ed. 994; Illinois v. Illinois Central R. Co., 184 U.S. 77, 91, 92, 22 S.Ct. 300, 46 L.Ed. 440; Ex parte Union Steamboat Co., 178 U.S. 317, 319, 20 S.Ct. 904, 44 L.Ed. 1084; Kansas City Southern Ry. Co. v. Guardian Trust Co., 281 U.S. 1, 10, 11, 50 S.Ct. 194, 74 L.Ed. 659; Sprague v. Ticonic National Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184; Ruggles v. Buckley, 6 Cir., 192 F. 907, 909; Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co., 6 Cir., 72 F. 545, 560; D'Arcy v. Jackson Cushion Spring Co., 6 Cir., 212 F. 889, 891; Williams v. An-

sehl, 8 Cir., 279 F. 550, 551; Mortgage Loan Co. v. Livingston, 8 Cir., 66 F.2d 636, 640; Flowers v. United States, 8 Cir., 86 F.2d 79, 80, 81; Pocono Rubber Cloth Co. v. J. A. Livingston, Inc., 3 Cir., 92 F.2d 290, 291; Goldwyn Pictures Corp. v. Howells Sales Co., Inc., 2 Cir., 287 F. 100, 102.

[5] In re Sanford Fork & Tool Co., 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; Ex parte Century Indemnity Co., 305 U.S. 354, 59 S.Ct. 239, 83 L.Ed. 216; Sprague v. Ticonic National Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184.

[6] See and compare, McWilliams v. Blackard, 8 Cir., 96 F.2d 43, 45; Guettel v. United States, 8 Cir., 95 F.2d 229; Mortgage Loan Co. v. Livingston, 8 Cir., 66 F.2d 636; Chicot County Drainage District v. Baxter State Bank, 60 S.Ct. 317, 84 L.Ed. ——; Minneman v. Federal Land Bank, 7 Cir., 105 F.2d 363, 365.

time that he obtained it from the registry of the court. The matter of interest up to the time that the first appeal was ended was, we think, a question which could have been,[7] and therefore should have been, presented to this court in connection with that appeal, and it is not a matter which can now be considered by the court below or by this court. The question of Mrs. Carter's right to interest upon the decree which should have been entered at the time the District Court received our mandate stands in a different situation. Mrs. Carter was entitled to have the decree entered without any application or motion on her part. Our mandate required of the District Court the doing of a purely ministerial or clerical act. Pike Rapids Power Co. v. Minneapolis, St. Paul, etc. Ry. Co., 8 Cir., 106 F.2d 891, 894. It was through no fault of Mrs. Carter that the decree was not entered on the day our mandate was received. We regard that as done which should have been done. It is our opinion that on February 18, 1938, by virtue of our mandate, Mrs. Carter became legally entitled to recover the fund which Thornton had withdrawn from the registry of the court and to have judgment against him for the $123.20 costs and expenses of the insurance company and for her costs, and that on that day he became legally obligated to restore the fund to her and to pay her, in addition, $123.20 and her costs.[8] We hold that Mrs. Carter was entitled to six per cent interest on the amount which Thornton was obligated to pay her from February 18, 1938.

■ The decree appealed from, if amended so as to provide that Mrs. Carter have judgment against Thornton for $2,500 ($2,376.80 plus $123.20) and her costs, with interest from February 18, 1938, will be in conformity with the mandate of this court. The reference to deducting $116.61 from the amount due Mrs. Carter from Thornton will be eliminated from the de-

cree. It is true that Mrs. Carter consented to this provision. It is, however, a matter wholly foreign to this case. The court below had no jurisdiction of it. It is a matter to be adjusted between the parties outside of this lawsuit and should not be incorporated in a decree entered pursuant to the mandate of this court.

The District Court will correct the judgment and decree appealed from in accordance with the directions contained in this opinion, and, when so amended, the judgment and decree will stand affirmed. All of Mrs. Carter's costs in this court in connection with these appeals will be assessed against Thornton.

---

[7] Miller v. Robertson, 266 U.S. 243, 257, 258, 45 S.Ct. 73, 69 L.Ed. 265; Boston Sand & Gravel Co. v. United States, 278 U.S. 41, 48, 50, 51, 49 S.Ct. 52, 73 L. Ed. 170; In re Washington & Georgetown R. Co., 140 U.S. 91, 94, 11 S.Ct. 673, 35 L.Ed. 339; United States v. North Carolina, 136 U.S. 211, 216, 10 S. Ct. 920, 34 L.Ed. 336; The Wanata, 95 U.S. 600, 615, 24 L.Ed. 461; The Atlas, 93 U.S. 302, 310, 23 L.Ed. 863; Boyce v. Grundy, 34 U.S. 275, 9 Pet. 275, 289, 290, 9 L.Ed. 127; The Santa Maria, 23 U.S. 431, 10 Wheat. 431, 445, 6 L.Ed. 359; City of Lincoln v. Ricketts, 8 Cir., 77 F.2d 425, 428; Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 76 F.2d 918, 921.

[8] Baltimore & Ohio R. Co. v. United States, 279 U.S. 781, 786, 49 S.Ct. 492, 73 L.Ed. 954; Berthold-Jennings Lbr. Co. v. St. Louis, etc., Ry. Co., 8 Cir., 80 F.2d 32, 40, 102 A.L.R. 688; Cramer v. Phœnix Mutual Life Ins. Co., 8 Cir., 91 F.2d 141, 145.