**SQUEEZ–A–PURSE CORPORATION,**
Plaintiff,

v.

**Benjamin STILLER et al., Defendants.**
**Civ. No. 33204.**

United States District Court
N. D. Ohio, E. D.
May 27, 1959.

See also 149 F.Supp. 60.

**668**

Sanford Schnurmacher, Cleveland, Ohio, Wm. R. Liberman, New York City, for plaintiff.

Albert R. Teare, Cleveland, Ohio, J. Wm. Freeman, Akron, Ohio, for defendants.

·JONES, District Judge.

This is an action for a declaratory judgment of invalidity concerning Reissue Patent No. 24,166, brought by virtue of Title 28 U.S.C. §§ 2201 and 1338(a).

Reissue Patent 24,166, granted upon surrender by defendant Benjamin Stiller of his original Patent No. 2,667,906, discloses a device which has been manufactured as a coin purse and which has met with considerable commercial success as a give-away advertising specialty, the name of the advertiser being imprinted on the blank surface of the coin purse. The plaintiff was given one of these purses at a convention and copied it, so that infringement is conceded. It is a product and not a method patent with which we are concerned.

The following elements are in the claims:

1. A quick-opening and self-closing container for articles comprising a unitary envelope of

2. material having elastic properties similar to soft rubber,

3. said envelope defining a substantially fully closed interior volume having a depth relatively small in comparison to dimensions transverse to its depth, and

4. said envelope having a substantially transverse normally closed slit in one face extending from one periphery to an opposite periphery, said envelope having

5. oppositely disposed through apertures, and

6. the respective ends of said slit communicating with respective apertures, (the above are all in Claim 3)

7. the face bearing said slit being arched, (Claim 2)

8. the top of the arched slit side having a curvature of less magnitude than the balance of the arched side, (Claim 4)

9. the slit face being substantially flat in the region of the slit, (Claim 5).

There were three questions which the court, at the close of the trial felt were controlling to a decision on the issues in the case: First, was there invention in the defendants' product: Second, what was the pertinent prior art: Third, the effectiveness of earlier art as anticipation where there was no commercial use or manufacture?

As to the latter, the evidence does not disclose any commercial use or manufacture of the prior patents offered by the plaintiff against the defendants' product. They are so-called paper patents considered not as anticipation but as testing the novel character of the challenged patent as an advance over the earlier disclosures. Republic Iron & Steel Co. v. Youngstown Sheet & Tube Co., 6 Cir., 272 F. 386. For that reason it is not deemed necessary here to analyze and point out wherein the prior teaching fails to anticipate the novel features which are the prime support for validity; suffice it to say that aside from the weakness of non-use the prior art patents relied upon do not, in my judgment, constitute an adequate defense to validity and

infringement of defendants' patented article.

In the final stages of the trial it was conceded that Claim 3 of the Reissue Patent No. 24,166 was the only claim to be looked to in determining whether plaintiff is entitled to a declaratory judgment of invalidity and non-infringement.

Is there invention in the defendants' article, and, if so, has it such novelty as to prevail over the earlier art and entitle it to a monopoly over like articles such as the plaintiff's which, it must be admitted, is a complete duplicate in detail, function and design?

Claim 3 provides for "a quick opening and self-closing container for articles comprising

A  a unitary envelope of material having elastic properties similar to those of soft rubber

B  said envelope defining a substantially fully closed interior volume

C  having a depth relatively small in comparison to dimensions transverse to its depth

D  and said envelope having a substantially transverse normally closed slit in one face

E  extending from one periphery to an opposite periphery

F  said envelope having oppositely disposed through apertures

G  and the respective ends of said slit communicating with respective apertures."

The elements "F" and "G" are relied upon as the prime novel and valid inventive features of the defendants' patent.

It is realized and must be conceded that the defendants' article is not of striking inventive quality; it is in fact one of modest proportions, but " 'tis enough, 'twill serve" as an article made up of a unique and unitary combination of old elements with new and useful elements (F and G) which constitutes a definite advance which has received universally wide acceptance and instant commercial success in its field and has contributed more than a little to its art. To

this, plaintiff has added its tribute by producing and marketing an indistinguishable copy.

The holes or apertures at each end of the slit portions seem to me to constitute one of the prime novelties of the article. It is unique and, while it has a limited utility, it was successfully marketed for the purpose stated at the outset, viz.: the purses are sold in job lots to distributors who sell them to their clients to be sold by the clients for a nominal sum, or given away as advertising.

It is understood that a product patent is not to be judged by the method or process by which it is produced.

■  It is this court's position (speaking only for the presiding member) that Congress has been charged with the constitutional power and authority to provide for granting patents; and that when the agency set up by it for the purpose (the Patent Office) grants a patent it, in effect says, or should mean to say, "you are the first to have conceived this new and useful article; it is patentable and valid". In this situation, my view is that an evidential presumption supports validity so determined, and that a heavy burden rests upon a challenging infringer to meet and overthrow that presumption.

It is my opinion that Claim 3 constitutes invention.

Nothing in the prior art patents relied upon clearly demonstrates or discloses the unitary character of Claim 3. Neither the material used, nor the structure of the earlier art patents disclose the original adaptable structural features and elements which characterize the practical, clean-cut and operable art of the defendants' purse.

True, there are some disclosures of certain functional features in the prior patents but their object and purpose were not directed in each case to the same operable elements as those of the defendants' purse. It was known that pressure on pliable duplicate sides fastened at one end or along the sides would produce a slit or opening and that re-

moval of pressure would result in closing the slit referred to,—in some instances, as self-closing.

Hurlbut's (No. 496,610) "self-return" for closing is the prime feature of his article patent; Richardson's (No. 820,-067) "fish" disclosed the self-closing feature; as did Meier's (No. 2,125,354) "container", particularly figures 1 and 5; as well as Booker No. 1,527,830. True, Nelson (No. 2,278,088) key holder, figure 1, does show an aperture or opening communicating with the slit portion, but I do not find in that patent such disclosure as to regard it as destructive of defendants' article. None of these patents were produced or marketed, nor, as I think, do their features and construction give any assurance that they could be successfully made to operate or be marketed (Witness DeJong).

It is my judgment that none of these earlier patents read on or disclose the equivalents of the elements and features of the defendants' purse.

Consideration of the evidence presented does not, in my opinion, result in the success of the plaintiff's efforts to have declared invalid and non-infringed, the defendants' purse.

■ I find the defendants' patent valid and infringed.

■■ It follows that the defendants are not guilty of unfair competition and I so find and conclude. The defendants have every right to prevent infringement of their valid patent and are entitled to the relief sought in their counterclaim.

I find further that there is no fatal deficiency in the oath supporting the reissue patent. Any defect which may be thought to impair its validity is not of such consequence as to destroy it,—it is legally sufficient.

This memorandum is considered sufficient compliance with Rule 52(a), 28 U.S.C.

### Order

It is ordered that the complaint be dismissed; that the defendants be awarded judgment of validity and infringement on their counterclaim; and that an injunction and accounting be had as prayed, all at plaintiff's costs.