Benjamin STILLER et al., Defendants-Appellants,

v.

SQUEEZ–A–PURSE CORPORATION, Plaintiff-Appellee.

No. 14411.

United States Court of Appeals
Sixth Circuit.

Nov. 28, 1961.

J. William Freeman, Akron, Ohio, for defendants-appellants, Albert R. Teare, Cleveland, Ohio, on the brief.

William R. Liberman, New York City, for plaintiff-appellee, Sanford Schnurmacher, Cleveland, Ohio, on the brief.

Before MARTIN and CECIL, Circuit Judges, and DARR, District Judge.

PER CURIAM.

After a former hearing of this patent suit, our court, on May 2, 1960, affirmed *per curiam* the judgment of the United States District Court on the basis of that court's memorandum opinion, published in 175 F.Supp. 667, 669. Squeez-A-Purse Corporation v. Stiller et al., 280 F.2d 424 (C.A. 6), certiorari denied 364 U.S. 828, 81 S.Ct. 67, 5 L.Ed.2d 56. In the opinion and order of the District Court, which we affirmed, it was recited that "it was conceded that Claim 3 of the Reissue Patent No. 24,166 was the only claim to be looked to in determining whether plaintiff is entitled to a declaratory judgment of invalidity and non-infringement."

The patent in issue covered a coin purse comprised of a quick-opening and self-closing container, made of elastic properties similar to soft rubber, the envelope having relatively small depth and a substantially transverse normally closed slit in one face extending from one periphery to another and having, also, oppositely disposed through apertures, with the respective ends of the aforesaid slit being arched. The top of the arched-slit side had a curvature of less magnitude than the balance of the arched side, the slit face being substantially flat in the region of the slit.

The District Court stated that the patent is a product and not a method patent; and held that Claim 3 of the patent in suit constituted invention. The prior art was reviewed, with the adjudication that none of the earlier patents cited read on or disclosed the equivalents of "the elements and features" of the defendants' purse.

The Memorandum Opinion and Order stated distinctly:

"Consideration of the evidence presented does not, in my opinion, result in the success of the plaintiff's efforts to have declared invalid and non-infringed, the defendants' purse.

"*I find the defendants' patent valid and infringed.* [Italics supplied.]

"It follows that the defendants are not guilty of unfair competition and I so find and conclude. The defendants have every right to prevent infringement of their valid patent and are entitled to the relief sought in their counterclaim."

The memorandum concluded with an order directing that "the complaint be dismissed; that the defendants be awarded judgment of validity and in-infringement on their counterclaim; and that an injunction and accounting be had as prayed, all at plaintiff's costs."

Within a week after the opinion and order of the District Judge was promulgated, the plaintiff, Squeez-A-Purse Corporation, filed a petition for rehearing and reconsideration in which it presented substantially all the contentions which plaintiff-appellee asserts upon this present hearing. Specifically, the appellee corporation alleged in its petition for reconsideration that the District Court should have rendered a proper decision on *all* the issues. The defendants-appellants, Stiller and others, submitted a memorandum in opposition to the plaintiff's petition for rehearing and reconsideration, stating that the court had considered all issues presented by the complaint of the plaintiff; and that there actually had been specific findings upon every issue raised in the pleadings.

The United States District Judge sustained the defendants' position; and, as previously stated, our court affirmed the judgment of the trial court on the basis of its memorandum opinion. We remanded the cause for further proceedings not inconsistent with our order. [280 F.2d 424, supra.]

Upon remand, the District Court entered judgment on August 17, 1960,

**506**

wherein quite material changes were made in its former judgment which had been affirmed by this appellate court, with subsequent denial of certiorari by the Supreme Court. [364 U.S. 828, 81 S.Ct. 67, 5 L.Ed.2d 56.] In its amended judgment, the District Court decreed that the complaint of the plaintiff be sustained as to Claims 1, 2, 4 and 8 of the patent, on the ground of the invalidity thereof, and as to Claims 6 and 7, on the ground of the non-infringement thereof. Otherwise, the complaint was ordered to be dismissed.

The District Court ordered that the mandate of this Court of Appeals affirming its memorandum opinion should constitute the findings and conclusions of the District Court, as provided in 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. But, as stated heretofore, the court made new findings, the substance of which had been presented to it and disallowed by it before the former appeal to this court.

Appellants, Stiller and others, contend that the United States District Court failed to follow the mandate of this court and that an order should be issued, directing the trial court to comply with the mandate. We think the position of the appellants here is well taken. Where we had affirmed directly and unequivocally the original judgment of the District Court, certiorari had been denied by the Supreme Court, and the cause had been remanded for procedure in compliance with our order, the District Court should not have undertaken to revise its original opinion in material aspects. See Briggs v. Penn. R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403; In re Sanford Fork and Tool, 160 U.S. 247, 16 S.Ct. 291, 40 L.Ed. 414; In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Mutual Life Ins. Co. of New York v. Hill, 193 U.S. 551, 24 S.Ct. 538, 48 L.Ed. 788; Victor Talking Machine Co. v. Hoschke, 188 F. 326 (C.A.2); Pocono Rubber Cloth Co. v. J. A. Livingston, 92 F.2d 290, 291 (C.A.3); D'Arcy v. Jackson Cushion Spring Co., 212 F. 889 (C.A.6);

Home Indemnity Co. of New York v. O'Brien, 112 F.2d 387 (C.A.6).

The cause is remanded to the United States District Court with direction that Paragraphs numbered 2, 2(a) and 4 be stricken from the judgment entered by the court on August 17, 1960, as amended by its order of September 27, 1960; and that there be substituted therefor the following language:

(2) "The plaintiff's complaint is dismissed and (2a) the defendants are awarded judgment of validity and infringement on their counter-claim."

(4) "Reissue Patent No. 24,166 of the United States is valid at law. Claim 3 of the patent constitutes invention."