**SQUEEZ–A–PURSE CORPORATION,**
Plaintiff,

v.

**Benjamin STILLER et al., Defendants,**

v.

**Nathan SILVERMAN, Defendant to the**
**Counterclaim.**

United States District Court
S. D. New York.

July 26, 1962.

Kirschstein, Kirschstein & Ottinger, New York City, for John P. Hardman and John P. Hardman, Inc.

Darby & Darby and Floyd H. Crews, New York City, and J. William Freeman, Akron, Ohio, Teare, Fetzer & Teare, Cleveland, Ohio, for defendants.

RYAN, Chief Judge.

Two motions are now before us— (1) to strike the registration in this District of a final judgment entered in a patent infringement suit by the United States District Court for the Northern District of Ohio (28 U.S.C. § 1963); (2) for an injunctive decree based on the judgment so registered directed against certain persons within this jurisdiction.

The registered judgment sought to be enforced in this District was entered in

a suit filed in 1956 by SQUEEZ-A-PURSE CORPORATION against Benjamin Stiller, et al., for a declaratory judgment of invalidity and non-infringement of U.S. Reissue Pat. No. 24,166, which patent was owned by defendant STILLER and related to the construction and design of a plastic coin purse. In that suit, the defendants interposed a counterclaim for infringement of the patent, and joined NATHAN SILVERMAN, a part owner of plaintiff, SQUEEZ-A-PURSE CORPORATION, as a party defendant to the counterclaim. After trial of this suit, the Court dismissed the complaint and on May 27, 1959 granted judgment of validity and infringement on the counterclaim, and further decreed that an accounting be had and an injunction issued against further infringement (D.C., 175 F.Supp. 667). In June of 1959, injunctions issued by the Court pursuant to the above judgment were served in New York State upon SQUEEZ-A-PURSE CORPORATION, NATHAN SILVERMAN, JOHN P. HARDMAN and JOHN P. HARDMAN, INC., restraining them from further infringing the patent in suit, U.S. Reissue Pat. No. 24,166. JOHN P. HARDMAN and JOHN P. HARDMAN, INC. (who, it appears, supplied the infringing plastic coin purses to SQUEEZ-A-PURSE CORPORATION) had not been joined as parties in this Ohio suit. Subsequent to the entry of this judgment, SQUEEZ-A-PURSE CORPORATION appealed and during the pendency of the appeal, proceedings under the judgment were stayed. The Court of Appeals for the Sixth Circuit affirmed the judgment of the District Court (280 F.2d 424), which thereafter ordered the stay vacated. The order vacating the stay and copies of the original injunctions were again served in July of 1960 in New York State upon SQUEEZ-A-PURSE CORPORATION, NATHAN SILVERMAN, JOHN P. HARDMAN and JOHN P. HARDMAN, INC.

A motion was thereafter made by defendants in the United States District Court for the Northern District of Ohio to punish SQUEEZ-A-PURSE CORPORATION, NATHAN SILVERMAN, JOHN P. HARDMAN, JOHN P. HARDMAN, INC., EDWARD DOOSKIN and FLEX-A-PURSE CORP. for contempt for their alleged violation of the judgment so affirmed. EDWARD DOOSKIN, an employee of SQUEEZ-A-PURSE CORPORATION, and FLEX-A-PURSE CORP., in addition to those named above, had not been named parties to the Ohio suit and had never been served with a copy of the injunction. A special appearance contesting the jurisdiction of the Court was entered in these contempt proceedings by all cited except SQUEEZ-A-PURSE CORPORATION. The Court on November 14, 1961 refused to punish those cited for contempt and held that it lacked personal jurisdiction over all those cited excepting SQUEEZ-A-PURSE CORPORATION.

The defendants now seek to enforce the final Ohio judgment against JOHN P. HARDMAN, JOHN P. HARDMAN, INC., and EDWARD DOOSKIN, all of whom are alleged to be within the jurisdiction of this Court. Accordingly, on April 16, 1962, defendants registered in this District under Title 28 U.S.C. § 1963 a certified copy of the final judgment in the Ohio District Court suit. Paragraph "10" of the registered final judgment grants and provides for the injunctive relief against SQUEEZ-A-PURSE CORPORATION and NATHAN SILVERMAN, their agents and privies. It is on the basis of this provision that defendants move in this Court for an injunction restraining JOHN P. HARDMAN, JOHN P. HARDMAN, INC., and EDWARD DOOSKIN, all alleged to be residents within the Southern District of New York, from infringing U.S. Reissue Pat. No. 24,166 by the manufacture and sale of coin purses embodying the invention of such patent and par-

ticularly coin purses sold under the name of Squeez-A-Purse or Flex-A-Purse.

Defendants in support of this motion allege that the persons against whom injunctive relief is now sought in this District were in privity and knowing active concert with SQUEEZ-A-PURSE CORPORATION and NATHAN SIL-VERMAN, parties to the original Ohio suit. Defendants contend that, by reason of such privity and abetting, the injunctive provisions of the registered judgment are binding and enforceable under Rule 65(d) F.R.Civ.P., 28 U.S.C.A., against those who may not have been parties to the Ohio suit.

JOHN P. HARDMAN and JOHN P. HARDMAN, INC., two of the persons against whom injunctive relief is now sought in this District by the motion of defendants, contend that the registration of the judgment was invalid and not within the scope of the provisions of Title 28 U.S.C. § 1963 and they cross-move for an order striking the registration of such judgment.

The initial issue presented is whether the Ohio judgment could be properly registered in this District. We conclude that it could. Title 28 U.S.C. § 1963 provides that a final judgment of a District Court in an action for the recovery of property or money may be registered in any other District Court and, once registered, shall have the same effect as a judgment of the District Court where registered and be enforced in like manner. A primary purpose of this statute is to enable a successful litigant to enforce a money judgment in a District Court other than that which rendered the judgment without the necessity of instituting a *de novo* action. This procedure conforms with the practice of many states which permits the redocketing throughout the entire state of a money judgment entered in one local state court. As the final Ohio judgment provides *inter alia* for the recovery of money, its registration is clearly within the scope of Title 28 U.S.C. § 1963 regardless of the general nature of the suit in which it was rendered. Once registered, however, the question as to whether any provision in it other than for the recovery of property or money can be enforced, is still to be resolved.

■■ It is fundamental that, save in a very few special instances a Court does not have the power to issue an injunction against a person over whom it has not acquired valid *in personam* jurisdiction (Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260). The acquisition of jurisdiction *in personam* by a Court arises either from valid service of process or voluntary submission to jurisdiction. It may be acquired at the time of filing of a suit or by appearance in a suit already pending.

SQUEEZ-A-PURSE CORPORATION, by filing suit for patent infringement in the Ohio District Court, voluntarily submitted to jurisdiction of the Court. Thus, the final Ohio judgment, entered on the counterclaim interposed in the suit, was valid and binding not only as against SQUEEZ-A-PURSE CORPORATION but also as against its agents and privies.

In attempting to enforce the injunctive provisions of this final Ohio judgment against alleged agents and privies of SQUEEZ-A-PURSE CORPORATION within this jurisdiction, this Court, like any other Court, is limited by the requirement of personal jurisdiction. Neither the presence of these alleged agents and privies in this District nor the registration here of the final Ohio judgment, however valid and binding it may be upon SQUEEZ-A-PURSE CORPORATION, its agents and privies, gives this Court jurisdiction over such persons. If Title 28 U.S.C. § 1963 clearly provided for the registration of a purely equitable judgment, it might be argued that Congress intended that the mere registration under this section of a judgment calling for injunctive relief would invest the District Court where registered with *in personam* jurisdiction over the persons within its jurisdiction bound by such

judgment. The statute, as it now reads, does not reveal any such purpose, and dispensing with service of process to acquire personal jurisdiction should not be lightly implied. Thus, the registration of the final Ohio judgment did not grant to this Court personal jurisdiction over SQUEEZ-A-PURSE CORPORATION or its alleged agents or privies who might be within this District.

No process of this Court has been served upon the persons sought to be enjoined; and they have not submitted themselves to the jurisdiction of this Court; we conclude that we are without the power to enjoin them.

■ The motion made in this Court by JOHN P. HARDMAN and JOHN P. HARDMAN, INC., to strike the registration of the Ohio judgment and their opposition and that of EDWARD DOOSKIN to the motion of the Ohio defendants for a writ of injunction, do not add up to a submission to the jurisdiction of this Court. There is no suit pending in which a voluntary appearance or submission can be made.

Both motions are denied. So ordered.