**QUIKEY MANUFACTURING COM-PANY, Inc., Plaintiff,**

v.

**CITY PRODUCTS CORPORATION, Defendant.**

**Civ. A. No. C 64–564.**

United States District Court
N. D. Ohio, E. D.

Oct. 3, 1967.

J. William Freeman and Reese Taylor, Akron, Ohio, for plaintiff.

Sanford Schnurmacher, Cleveland, Ohio, Lawrence H. Cohn, Clayton, Mo., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KALBFLEISCH, Chief Judge.

1. The plaintiff in this action is Quikey Manufacturing Company, Inc., a corporation of Ohio having a place of business in Akron, Ohio.

2. The defendant in this action is City Products Corporation, a corporation of Ohio having a place of business in Akron, Ohio.

3. United States Reissue Patent No. 24,166, the patent in suit, was granted on June 12, 1956 to Benjamin Stiller, now deceased. On December 31, 1959, Benjamin Stiller assigned said patent to plaintiff, and plaintiff has continuously been and still is the owner of said patent.

4. The complaint charges that defendant infringed the patent in suit by selling products embodying the invention of claims 1, 3, and 5 through 8.

5. The answer denies infringement of the patent in suit and alleges as additional defenses that said patent is invalid; that defendant may continue to use and sell the accused products because of the immunity attaching thereto created by intervening rights under the provisions of Title 35 U.S.C. Section 252; and that plaintiff is estopped in maintaining the present action by reason of plaintiff's long delay in bringing this action against the defendant.

6. Federal jurisdiction exists because this action arises under the patent laws of the United States and jurisdiction conferred by Title 35 U.S.C. Section 271, and Title 28 U.S.C. Sections 1338 and 1400.

7. The Stiller Reissue Patent (Pltf.'s Ex. 6) relates to a container for coins or the like, the coin container having a slit in one face which responds to pressure applied lengthwise of the slit to provide an opening for placing articles in the container or removing them therefrom. At its ends the slit communicates with opposed circular apertures or openings, the axes thereof being parallel to the major axis of the purse. The apertures are positioned at the merged peripheral edges of the wall sections of the purse. The coin purse is formed by dipping a heated mandrel into a quantity of liquid plastic, the mandrel having the elliptical form desired in the completed article. The plastic coated on the mandrel is dried, cooled, slit and drilled in order to form the completed purse.

8. The prior art (Deft.'s Ex. JJ), specifically United States Patents Nos. 2,125,354, 1,138,882, 496,610, 1,527,830 and 820,067, discloses coin purses, key holders, and receptacles of the same general size and shape as disclosed by Stiller Reissue Patent No. 24,166. The combination of elements in Stiller Reissue Patent No. 24,166 is old, except for the presence of the opposed apertures located adjacent the ends of the maximum transverse dimensions of the coin holder and the limitation that the slit interconnects

the apertures and extends from one periphery to the opposite periphery of the coin holder. The coin holder disclosed by Stiller Reissue Patent No. 24,166 does the same work with the same mode of operation and performs the same function as the prior art purses disclosed, except that the full periphery to opposite periphery slit of the patent in suit renders accessible substantially all of the interior of the purse. (See United States Patent No. 2,125,354.) Additionally, the opposed apertures at the ends of the slit are designed to prevent tearing of the purse at the ends of the slit and to assist in the initial opening of the slit.

9. All the claims of the patent in suit contain the limitation of the slit extending from one periphery to the opposite periphery with the exception of claim 6 which merely calls for a slit extending between a pair of apertures in the wall section of the coin container with at least one of the apertures being provided in the merged peripheral edges of the wall sections of the coin container.

10. In defendant's accused infringing articles (Pltf.'s Exs. 1, 2 and 3) all three coin purses are substantially the same size and shape and function in substantially the same manner as does a coin purse constructed in conformance with the patent in suit (Pltf.'s Ex. 4); that is, all accused infringing articles are operated by applying pressure lengthwise to a slit provided in the face of the purse whereby the slit opens to provide access to the interior of the purse.

11. Plaintiff's Exhibit 1 has an overall length of about 3⅛″ and the top face or wall thereof is provided with two apertures connected by a longitudinally extending slit wherein the overall length of the slit and apertures is about 2⅝″. Plaintiff's Exhibit 2 has an overall length of 3″ and has one aperture located adjacent the ends of the maximum transverse dimension thereof and a second larger aperture located on the top face or wall of the purse. A longitudinally extending slit connects the two apertures wherein the overall length of the slit and apertures is about 2⅝″. Plaintiff's Ex-

hibit 3 has an overall length of 3″ and the top wall or face is provided with a longitudinally extending slit which extends from one end of the purse to a point about ⅜″ short of the opposite end of the purse. Only one aperture is provided in the purse, it being positioned adjacent the ends of the maximum transverse dimension thereof. Said aperture is not in communication with the slit.

12. Defendant's accused infringing articles (Pltf.'s Exs. 1, 2 and 3) are substantially the same as plaintiff's Ex. 4 of Stiller Reissue Patent No. 24,166, the patent in suit, except that the longitudinally extending slit provided in the top face or wall of plaintiff's Exs. 1, 2 and 3 terminates short of opposed peripheral points thereof. Plaintiff's Exs. 1, 2 and 3 have the same method of operation, function, and result as does plaintiff's Ex. 4, except that in the latter purse a greater interior volume of the purse is exposed by squeezing the opposite ends of the purse due to the longer periphery to opposed periphery slit provided therein.

13. Defendant's accused infringing articles (Pltf.'s Exs. 1, 2 and 3) do not have a substantially transverse slit in one face extending from one periphery to an opposite periphery as defined by claims 1, 2, 3 and 8 of the patent in suit.

14. Defendant's accused infringing articles (Pltf.'s Exs. 1, 2 and 3) do not have edge portions having a pair of opposed apertures extending therethrough, one of the lateral walls having a normally closed slit that interconnects said opposed apertures as defined by claim 7 of the patent in suit.

15. Defendant's accused infringing articles (Pltf.'s Exs. 1, 2 and 3) do not have oppositely disposed through apertures and a normally closed through slit in one face extending from one aperture to the other aperture, as defined by claim 5 of the patent in suit.

16. Defendant's accused infringing articles (Pltf.'s Exs. 1 and 3) do not have a normally closed slit extending between a pair of apertures in the wall section of the container with at least one of the

apertures being provided in the merged peripheral edge of the wall section, as defined by claim 6 of the patent in suit.

17. Defendant's accused infringing article (Pltf.'s Ex. 2) does have a normally closed slit extending between a pair of apertures in the wall section of the container with at least one of the apertures being provided in the merged peripheral edge of the wall section, as defined by claim 6 of the patent in suit.

18. It was stated by the inventor of the patent in suit in his prosecution of the patent before the Patent Office that the crux of his invention is that the face of the purse has a normally closed slit which extends substantially from one side or periphery to the other, so that by squeezing opposite sides of the purse between the fingers or in the hand the slit opens to make substantially the entire interior volume of the purse instantly accessible. (Deft.'s Ex. V, p. 20.)

19. The claim language of the patent in suit calls for the slit in the face of the purse to extend from one periphery to an opposite periphery; the claim language does not call for the slit to extend "substantially" from one periphery to the opposite periphery.

20. The general type of coin container as disclosed by the patent in suit is notoriously old and well known in the art.

### CONCLUSIONS OF LAW

1. It is admitted by the plaintiff in its post trial brief (pp. 4–5) that "Plaintiff's Exhibit 1 differs structurally from Plaintiff's Exhibit 4 in that the apertures are located inwardly from the extreme edges * * * while Plaintiff's Exhibit 4 has opposed apertures thereon located in the extreme edge portion of the purse." It is further admitted that "Plaintiff's Exhibit 2 differs structurally from Plaintiff's Exhibit 4 in that one of the slits of Exhibit 2 extends throughout about two and five-eighths inches (2⅝″) of the overall length of three inches (3″) of the purse and terminates in an aperture on the top while Plaintiff's Exhibit 4 has opposed aper-

tures located in the extreme edge portions of the purse and a slit extending all the way across the top." It is further admitted (p. 6) that "Plaintiff's Exhibit 3 does not have apertures provided in the ends of its transversely extended slit, whereas Plaintiff's Exhibit 4 does provide such apertures"; and (pp. 22–23) that "the slit in Exhibit 3 extends for a distance of two and four-eighths inches (2⅘″) out of an overall length of two and seven-eighths inches (2⅞″) compared to [Plaintiff's] Exhibit 4 wherein the purse is three inches (3″) and the slit is three inches (3″)." Further, plaintiff admits (p. 26) that "the entire infringement issue in this case turns on whether or not the fact that the slits of Exhibits 1, 2, and 3 do not extend to the extreme ends of the purse avoids the language of the claims."

2. Plaintiff argues (p. 24) that "the slit and opposed apertures of [Plaintiff's] Exhibits 1 and 2 as well as the slit of Plaintiff's Exhibit 3 are the full equivalent of the slit called for by Claims 1, 3 and 5 so that infringement, in fact, does exist with respect to these three claims under the Doctrine of Equivalents."

3. The Court is convinced that the doctrine of equivalents should not be applied in behalf of the plaintiff in the present case. It is a well-settled rule of patent law that an improvement patent in a crowded field is not entitled to a broad degree of protection against infringement in considering the range of equivalents. As stated by Judge Tuttle of the Fifth Circuit Court of Appeals in Graham v. Cockshutt Farm Equipment, Inc. (1958) 256 F.2d 358, at pages 359–360:

"As the combination, not the result, is what is patented, obviously not every arrangement of elements that achieve the same degee of movement and flexibility is an infringing device. * * * a patent for a limited improvement in a crowded art is entitled to an 'extremely' limited range of equivalents * * *."

4. The patent in suit pertains to a "limited" improvement in a "crowded" art. As was stated by the late Judge Jones of this Court in prior litigation involving the patent in suit:

"It is realized and must be conceded that the defendants' [plaintiff's in the instant suit] article is not of striking inventive quality; it is in fact one of modest proportions * * *." Squeez-A-Purse Corporation v. Stiller, 175 F.Supp. 667, p. 669 (1959).

5. Additionally, the Court believes that a very narrow claim construction must be given to the patent in suit in light of arguments made to the Patent Office Examiner by the inventor while the patent in suit was being prosecuted. The inventor's own statements reveal that the "periphery to periphery" slit in his purse was an important improvement over prior art purses showing less than a full periphery to opposite periphery slit. As stated by inventor Stiller, "the full slit opens to make substantially the entire interior volume of the purse instantly accessible." In light of this statement by the inventor, plaintiff's argument that the accused infringing purses with a foreshortened slit are the full equivalent of the patented purse with a full length slit becomes untenable. If the argument offered by plaintiff were true, the novelty of the full periphery to periphery slit would cause no improvement to distinguish the patent in suit from the prior art.

6. Judge Jones in Squeez-A-Purse Corporation v. Stiller, supra, carefully studied the patent in suit and he determined that claim 3 was valid. It should be noted, however, that Judge Jones specifically designated which elements of the patent in suit were "novel" and "unique." He stated in his opinion that the features of the periphery to periphery slit communicating with respective apertures disposed at opposite ends of the slit portions were the unique and prime novelties of the article. The Court, in reviewing the prior art, concurs with that analysis. Claim 6 fails to fully describe this feature and, accordingly, constitutes an improper reissue claim since where a claim has been limited in order to overcome the prior art it may not afterward be broadened by a reissue. See Shepard v. Carrigan, 116 U.S. 593, 6 S.Ct. 493, 29 L.Ed. 723 (1886).

7. It is a basic concept of reissue procedure that where a particular method of construction is made a peculiar feature of the original patent the structure cannot be altered on the reissue. See Walters v. Crandal, 11 F. 868 (C.C. N.D.N.Y.1881). As stated by Mr. Justice Roberts in United States Industrial Chemicals Co. v. Carbide & Carbon Chemicals Corp. (1942) 315 U.S. 668, at page 678, 62 S.Ct. 839, at page 845, 86 L.Ed. 1105:

"This court has uniformly held that the omission from a reissue patent of one of the steps or elements prescribed in the original, thus broadening the claims to cover a new and different combination, renders the reissue void, even though the result attained is the same as that brought about by following the process claimed in the original patent."

8. For the reasons stated, it is the Court's opinion that claims 1, 3, 5, 7 and 8 of the patent in suit are not infringed and that claim 6 of the patent in suit is invalid as an improper reissue claim. Accordingly, the Court need not consider the additional defenses of intervening rights and laches set forth by the defendant.

9. This Court has jurisdiction of the parties and of the subject matter of this action.

10. Plaintiff is the owner of the entire right, title and interest in and to the Stiller Reissue Patent No. 24,166 in suit.

11. The novel and inventive features of the patent in suit are that the slit in one face extends from one periphery to an opposite periphery and that the coin container has oppositely disposed through apertures with the respective ends of the slit communicating with the respective apertures.

12. Claims 1, 3, 5, 7 and 8 of the patent in suit describe and comprise an old and exhausted combination in which only the limitations of oppositely disposed through apertures and a periphery to periphery extending slit make a limited improvement over the old combination disclosed by the prior art.

13. Claims 1, 3, 5, 7 and 8 of the patent in suit are not entitled to any noticeable range of equivalents.

14. Claim 6 of the patent in suit describes all the limitations found in claims 1, 3, 5, 7 and 8 of the patent in suit except that claim 6 calls for only one of the apertures to be provided in the merged peripheral edges of the wall sections with the slit extending between the two apertures. Therefore claim 6 of the patent in suit does not contain the limitation that the slit extend from one periphery to an opposite periphery communicating with respective apertures positioned in the edge portion of the walls of the container.

15. Claim 6 of the reissue patent in suit is invalid, such claim constituting an improper attempt to omit in a reissue patent essential elements prescribed in the original.

16. Plaintiff has not carried its burden of proving infringement, and an element-by-element comparison of the accused infringing articles with the claims of the patent in suit reveals that claims 1, 3, 5, 7 and 8 of the patent in suit are not infringed by the accused infringing articles (Pltf.'s Exs. 1, 2 and 3).

17. For the reasons herein stated the Court finds claim 6 of Reissue Patent No. 24,166 to be invalid, and finds claims 1, 3, 5, 7 and 8 of Reissue Patent No. 24,166 to be not infringed by defendant.

The foregoing is adopted as the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Let an appropriate order in conformity herewith be submitted.