**QUIKEY MANUFACTURING CO. Inc.,**
**Plaintiff-Appellant,**

v.

**CITY PRODUCTS CORPORATION,**
**Defendant-Appellee.**

No. 18378.

United States Court of Appeals
Sixth Circuit.

March 10, 1969.

J. William Freeman, Akron, Ohio, for appellant, Reese Taylor, Akron, Ohio, on brief.

Lawrence H. Cohn, St. Louis, Mo., for appellee, Cohn & Powell, St. Louis, Mo., on brief.

Before WEICK, Chief Judge, and EDWARDS and McCREE, Circuit Judges.

EDWARDS, Circuit Judge.

This is the third time the patent involved herein has been before this court. In the first two appeals (arising out of a single District Court complaint) this court upheld the validity of the patent (United States Reissue Patent 24,166) and found it infringed. Squeez-A-Purse Corp. v. Stiller, 175 F.Supp. 667 (N.D. Ohio 1959), *aff'd per curiam and remanded,* 280 F.2d 424 (6th Cir.), *cert. denied,* 364 U.S. 828, 81 S.Ct. 67, 5 L. Ed.2d 56 (1960). Stiller v. Squeez-A-Purse Corp., 296 F.2d 504 (6th Cir. 1961).

The patent in suit involves a squeeze type coin purse designed to be carried in a pocket. The purse has an opening through a slit on its top extending from one margin to the opposite margin and terminating in a small aperture at each edge. The slit is normally closed, but readily opens by finger pressure on the ends of the purse.

In holding that the invention satisfied the requirements of novelty and nonobviousness, as against the rather crowded prior art field, the District Judge in the original hearing on this patent said:

"Claim 3 provides for 'a quick opening and self-closing container for articles comprising

A   a unitary envelope of material having elastic properties similar to those of soft rubber

B   said envelope defining a substantially fully closed interior volume

C   having a depth relatively small in comparison to dimensions transverse to its depth

D   and said envelope having a substantially transverse normally closed slit in one face

E   extending from one periphery to an opposite periphery

F   said envelope having oppositely disposed through apertures

G   and the respective ends of said slit communicating with respective apertures.'

"The elements 'F' and 'G' are relied upon as the prime novel and valid inventive features of the defendants' patent.

"It is realized and must be conceded that the defendants' article is not of striking inventive quality; it is in fact one of modest proportions, but ''tis enough, 'twill serve' as an article made up of a unique and unitary combination of old elements with new and useful elements (F and G) which constitutes a definite advance which has received universally wide acceptance and instant commercial success in its field and has contributed more than a little to its art. To this, plaintiff has added its tribute by producing and marketing an indistinguishable copy." Squeez-A-Purse Corp. v. Stiller, 175 F. Supp. 667, 669 (N.D. Ohio 1959).

■ In our instant case the patentholder seeks protection against claimed infringement by three other squeeze purses sold through defendant City Products' stores. 297 F.Supp. 422 (N.D. Ohio 1967) Plaintiff claims these purses to be indistinguishable copies of the patented article. All three of the accused items, however, have slits which do not extend completely to the edges of the purse. They achieve opening articulation by other devices such as holes located on the surface of the material, somewhat in from the edge, or in the instance of Exhibit 3, they eliminate one of the holes on one end and on the other end have the material attached just short of the hole for approximately one-eighth of an inch.

After trial the District Judge found:

"It is admitted by the plaintiff in its post trial brief that 'Plaintiff's Exhibit 1 differs structurally from Plaintiff's Exhibit 4 in that the apertures are located inwardly from the extreme edges * * * while Plaintiff's Exhibit 4 has opposed apertures thereon located in the extreme edge portion of the purse.' It is further admitted that 'Plaintiff's Exhibit 2 differs structurally from Plaintiff's Exhibit 4 in that one of the slits of Exhibit 2 extends throughout about two and five-eighths inches (2⅝") of the overall length of three inches (3") of the purse and terminates in an aperture on the top while Plaintiff's Exhibit 4 has opposed apertures located in the extreme edge portions of the purse and a slit extending all the way across the top.' It is further admitted that 'Plaintiff's Exhibit 3 does not have apertures provided in the ends of its transversely extended slit, whereas Plaintiff's Exhibit 4 does provide such apertures'; and that 'the slit in Exhibit 3 extends for a dis-

tance of two and four-eighths inches (2⅘″) out of an overall length of two and seven-eighths inches (2⅞″) compared to [Plaintiff's] Exhibit 4 wherein the purse is three inches (3″) and the slit is three inches (3″).' Further, plaintiff admits that 'the entire infringement issue in this case turns on whether or not the fact that the slits of Exhibits 1, 2 and 3 do not extend to the extreme ends of the purse avoids the language of the claims.'" He concluded:

"Judge Jones in Squeez-A-Purse Corporation v. Stiller, supra, carefully studied the patent in suit and he determined that claim 3 was valid. It should be noted, however, that Judge Jones specifically designated which elements of the patent in suit were 'novel' and 'unique.' He stated in his opinion that the features of the periphery to periphery slit communicating with respective apertures disposed at opposite ends of the slit portions were the unique and prime novelties of the article. The Court, in reviewing the prior art, concurs with that analysis. Claim 6 fails to fully describe this feature and, accordingly, constitutes an improper reissue claim since where a claim has been limited in order to overcome the prior art it may not afterward be broadened by a reissue. See Shepard v. Carrigan, 116 U.S. 593 [6 S.Ct. 493, 29 L.Ed. 723] (1886)."

In the prior litigation the validity of Claim 6 of the Reissue Patent was never passed upon by this court. In the original patent the language used to describe the slit included such phrases as "from one periphery to an opposite periphery" and "co-extensive with the major axis of the elliptical pouch."

Claim 6, however, provided:

"6. A quick-opening and self-closing container for articles comprising: a unitary envelope of rubber material formed in substantially flat configuration, said envelope defining a substantially fully closed interior volume bounded by opposed wall sections of said envelope merging together at their peripheral edges and spaced apart interiorly of said merged peripheral edges with the distance between said wall sections being relatively small in comparison to the lateral dimension thereof; one of said wall sections having a normally closed slit extending transversely thereof between a pair of apertures in said wall section *with at least one of said apertures being provided in the merged peripheral edge thereof.*" (Emphasis added.)

It seems obvious to us, as it did to the District Judge, that in Claim 6 of the Reissue Patent, the patentholder sought to extend the claims of the patent to pertain to purses with less extensive slits and with one of the apertures on the top rather than the edge. But a slit "co-extensive with the major axis of the elliptical pouch" was (and is) essential to distinguish this patent from prior patents—particularly the Meier patents Nos. 1,138,882 and 2,125,354.

This patent obviously involves a narrow invention in a crowded field. This court has previously held that the narrower the invention and the more crowded the art, the more strict will be the construction of the patent claims. Tillotson Mfg. Co. v. Textron, Inc., Homelite, 337 F.2d 833 (6th Cir.1964).

Further, dealing with the defense of file wrapper estoppel, the District Judge found (accurately, we think):

"Additionally, the Court believes that a very narrow claim construction must be given to the patent in suit in light of arguments made to the Patent Office Examiner by the inventor while the patent in suit was being prosecuted. The inventor's own statements reveal that the 'periphery to periphery' slit in his purse was an important improvement over prior art purses showing less than a full periphery to opposite periphery slit. As stated by inventor Stiller, 'the full slit opens to make substantially the entire interior volume of the purse instantly

accessible.' In light of this statement by the inventor, plaintiff's argument that the accused infringing purses with a foreshortened slit are the full equivalent of the patented purse with a full length slit becomes untenable. If the argument offered by plaintiff were true, the novelty of the full periphery to periphery slit would cause no improvement to distinguish the patent in suit from the prior art."

Appellant cannot prevail in this appeal because the critical additional matter disclosed in Claim 6 was not claimed in the original patent and in fact was effectively disallowed. U. S. Industrial Chemicals, Inc. v. Carbide & Carbon Chemicals Corp., 315 U.S. 668, 62 S.Ct. 839, 86 L.Ed. 1105 (1942).

For these reasons and those set out in more detail in the opinion of the District Judge, Quikey Manufacturing Co. v. City Products Corp., 297 F.Supp. 422 (N.D. Ohio 1967), we affirm the judgment of the District Court.