**In re Fred T. HILLER, III d/b/a Hiller Properties, Hiller Construction and Hiller Real Estate, Debtor.**

**H. Christopher CLARK, Trustee, Plaintiff,**

**v.**

**Fred T. HILLER, III d/b/a Hiller Properties, Hiller Construction and Hiller Real Estate, Defendant.**

**Bankruptcy No. 88–B–05775–E.
Adv. No. 92–1049–SBB.**

United States Bankruptcy Court, D. Colorado.

Dec. 8, 1994.

Robert Padjen, Denver, CO.

Lee M. Kutner, Denver, CO.

Thomas M. Pierce, Denver, CO.

David A. Solomon, Denver, CO.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtor/Defendant's Motion to Alter or Amend Memorandum Opinion and Judgment of November 23, 1994, 179 B.R. 253, and Extend Time for Appeal filed on December 5, 1994. The Court, having reviewed the file and being advised in the premises,

DOES FIND as follows:

1. The Debtor/Defendant filed his Motion to Alter or Amend Memorandum Opinion and Judgment of November 23, 1994 and Extend Time for Appeal ("Motion") for purposes, *inter alia*, of having this Bankruptcy Court alter or amend its November 23, 1994 Memorandum Opinion ("*Vacatur* Opinion"), which was issued subsequent to a U.S. District Court remand Order issued September 21, 1994, 179 B.R. 253 ("Order of Remand").

2. The Order of Remand had instructed the Bankruptcy Court to vacate its Decem-

ber 10, 1992 Memorandum Opinion and Order in this case, *In re Hiller*, 148 B.R. 606 (Bankr.D.Colo.1992).

3. *In re Hiller* had earlier had been affirmed, on appeal, pursuant to Judge Nottingham's July 25, 1994 Order and Memorandum of Decision, 179 B.R. 246.

4. A basis on which the Debtor/Defendant requests this Bankruptcy Court alter or amend its November 23, 1994 *Vacatur* Opinion is that this Court held a hearing on the Order of Remand, October 18, 1994, but that counsel for the Debtor/Defendant, Rubner & Kutner, P.C., did not receive notice of the hearing and, consequently, did not attend the hearing.

5. Rubner & Kutner, P.C. did not receive notice of the hearing, evidently, because they withdrew as Debtor's counsel of record on February 15, 1991, almost one year prior to the commencement of the within adversary proceeding, January 21, 1992.

6. Defendant Hiller filed his Answer in this adversary proceeding on February 20, 1992, through his then counsel of record, Steve Seifert and Tom Pierce of Fairfield & Woods. This Court denied Fairfield & Woods' Notice of Withdrawal in the within adversary proceeding on July 30, 1992.

7. At all times pertinent hereto, the Bankruptcy Court file indicates Fairfield & Woods was counsel of record for the Defendant. Rubner & Kutner, P.C. never entered an appearance as counsel of record.

8. Debtor/Defendant filed, *pro se*, a document with the Court on December 28, 1992, showing a return address of P.O. Box 3863, Vail, Colorado 81658. All documents filed on behalf of the Defendant in this adversary proceeding, prior to that date, had been signed by Fairfield & Woods.

9. This Court's Order and Notice of Hearing setting a hearing on the within matter for October 18, 1994, was mailed to Robert Padjen, Fred Hiller, Tom Pierce, H. Christopher Clark, David Solomon, and the U.S. Trustee's Office. Thus, the record reflects that **Debtor/Defendant's counsel, Fairfield & Woods, and the Debtor were served notice of the hearing.**[1]

10. With regard to the merits of Debtor/Defendant's Motion to Alter or Amend, Debtor/Defendant's Motion does not provide any additional facts, reasoning, case law, or other legally sufficient grounds on which this Court should alter or amend its *Vacatur* Opinion of November 23, 1994. Indeed, the Debtor/Defendant does not contest or question the applicable Tenth Circuit and U.S. Supreme Court case law on which this Court relied or the controlling opinions and principles expressed in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), and *Oklahoma Radio Associates v. Federal Deposit Insurance Corp.*, 3 F.3d 1436 (10th Cir.1993).

11. The Debtor/Defendant suggests that this Court's *Vacatur* Opinion automatically be altered, or amended—effectively vacated, itself, or voided—without thought or consideration, and in contravention, perhaps defiance, of the controlling case law in this District and the recent case law released by the U.S. Supreme Court.

12. This Court respectfully submits that for this Bankruptcy Court to do as the Debtor suggests, it would be improper, contrary to law, and inappropriate judicial conduct.

For the reasons set forth hereinabove,

IT IS ORDERED that Debtor/Defendant's Motion to Alter or Amend Memorandum Opinion and Judgment of November 23, 1994 is DENIED.

IT IS FURTHER ORDERED that Debtor/Defendant's Motion to Extend Time for Appeal is GRANTED and the Debtor/Defendant is hereby given an extension of time, through and including, **December 22, 1994,** within which to file with this Court a Notice of Appeal.

---

1. First reference to Rubner & Kutner on a certificate of mailing in this Court's adversary proceeding file comes by way of a U.S. District Court certificate of service with respect to Judge Nottingham's July 25, 1994 Order and Judgment. Rubner & Kutner is not, however, identified as to whom the firm represents.