**In re Judith A. MEIS–NACHTRAB,**
**Debtor.**

**Judith A. MEIS–NACHTRAB, Plaintiff,**

**v.**

**Sharon L. GRIFFIN, Defendant.**

**Bankruptcy No. 94–31656.**
**Bankruptcy Adversary No. 95–3038.**
**District Court No. 3:96 CV 7037.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 17, 1996.

Gordon Barry, Toledo, Ohio, for Plaintiff.

## OPINION AND ORDER DISMISSING JOINT MOTION FOR RELIEF FROM JUDGMENT FOR WANT OF JURISDICTION

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter is before the Court on the parties' joint motion for relief from judgment

of this Court's opinion and order dated December 18, 1995 (the "Order"). The Order found that defendant Sharon L. Griffin willfully violated the automatic stay of 11 U.S.C. § 362. The Honorable David A. Katz, United States District Judge, affirmed the Order on April 5, 1996. The Court finds that the parties joint motion should be dismissed for want of jurisdiction.

## FACTS

In order to facilitate a settlement in this adversary after pre-argument discussions pursuant to Rule 18 of the United States Court of Appeals for the Sixth Circuit, the parties have requested that this Court indicate its willingness to grant a motion for relief from judgment vacating the Order. Aside from the proposed settlement, the parties have not set forth any equitable grounds in support of their joint motion for relief from judgment.

## DISCUSSION

■ The Court finds the parties citation of *First Nat'l Bank of Salem, Ohio v. Hirsch,* 535 F.2d 343 (6th Cir.1976) to be inapposite to the instant adversary proceeding. Most significantly, the Honorable David A. Katz's Judgment Entry in Case No. 3:96 CV 7037 dated April 5, 1996 which affirmed the Order represents the law of the case. *See Coal Resources, Inc. v. Gulf & Western Indus.,* 865 F.2d 761, 766–67 (6th Cir.1989) (per curiam) (held that Sixth Circuit panel's prior determination represented the law of the case on the issue of whether party was entitled to judgment as a matter of law) (citations omitted), *as amended on denial of petition for rehearing en banc,* 877 F.2d 5 (6th Cir.1989); *cf. Stiller v. Squeez-A-Purse Corp.,* 296 F.2d 504, 505 (6th Cir.1961) (per curiam) (stating that "[w]here we had affirmed directly and unequivocally the original judgment of the District Court, certiorari had been denied by the Supreme Court, and the cause had been remanded for procedure in compliance with our order, the District Court should not have undertaken to revise its original opinion in material aspects").

■ Furthermore, even if this Court had the power to vacate its prior judgment, the Court is not convinced that such action would be appropriate in the instant adversary. The decision to vacate a prior judgment "is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course." *U.S. Bancorp. Mortgage Co. v. Bonner Mall Partnership,* —— U.S. ——, ——, 115 S.Ct. 386, 393, 130 L.Ed.2d 233 (1994). However, the Supreme Court made plain in *Bonner Mall* that a prior judgment should not reflexively be vacated merely because the parties wish to settle a case on appeal. *See Bonner Mall,* —— U.S. at ——, 115 S.Ct. at 393 ("hold[ing] that mootness by reason of settlement does not justify vacatur of a judgment under review"). In the instant adversary, the parties have failed to satisfy the Court that equitable circumstances warrant vacatur. *See Clark v. Hiller (In re Hiller),* 179 B.R. 253 (Bankr.D.Colo.1994) (declining to vacate prior judgment after settlement on appeal), *motion to amend denied,* 179 B.R. 262 (Bankr.D.Colo.1994). As the Supreme Court noted in *Bonner Mall,* "[t]o allow a party who steps off the statutory path to employ the secondary remedy of vacatur as a refined form of collateral attack on the judgment would—quite apart from any considerations of fairness to the parties—disturb the orderly operation of the federal judicial system." *Bonner Mall,* —— U.S. at ——, 115 S.Ct. at 392. Indeed, to grant such a remedy may encourage parties to "roll the dice" rather than enter into pretrial settlements. *Bonner Mall,* —— U.S. at ——, 115 S.Ct. at 393.

In light of the foregoing, it is therefore

ORDERED that the parties joint motion for relief from judgment be, and it hereby is, dismissed for want of jurisdiction.