JULIA SMITH GIBBONS, Circuit Judge,
concurring.
If one accepts the rather charitable assumptions made in footnote 1 of the major *377 ity opinion, its reasoning is entirely correct. For that reason I concur in it. I write separately to note, however, that if one does not make those assumptions, the district court’s disgorgement order cannot stand for purely procedural reasons.
Rochow’s complaint stated two claims: He alleged that LINA wrongfully denied him benefits under 29 U.S.C. § 1132(a)(1)(B), and he alleged that in doing so, LINA breached its fiduciary duties under 29 U.S.C. § 1104(a). The second claim was styled as one arising under 29 U.S.C. § 1132(a)(3). In his prayer for relief, in addition to seeking an order compelling LINA to pay him the benefits he believed he was due, Rochow sought disgorgement of any profits that LINA had obtained as a result of its conduct.
The parties filed cross-motions for summary judgment. LINA requested that the district court affirm its denial of Rochow’s claim for benefits. Rochow asserted only that LINA erroneously denied him benefits pursuant to § 1132(a)(1)(B).[1] He styled his summary judgment motion as a motion for partial summary judgment, did not argue his breach-of-fiduciary-duty claim under § 1104(a) and § 1132(a)(3), and did not mention disgorgement. When the district court issued an order memorializing its from-the-bench grant of Rochow’s motion, it granted summary judgment in full and made no mention of Rochow’s second claim.
Were there any doubt that Rochow’s § 1132(a)(3) claim no longer remained in the suit, the district court’s judgment ordered the case “DISMISSED.” This was a final judgment, conferring upon the Rochow I panel appellate jurisdiction pursuant to 28 U.S.C. § 1291. There was no other basis for appellate jurisdiction, as the district court did not issue an injunction triggering the application of 28 U.S.C. § 1292(a), nor did it certify the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Rochow raised no issue on appeal regarding the district court’s failure to address his breach of fiduciary duty claim. The Rochow I panel affirmed the district court’s grant of Rochow’s motion for summary judgment, thus ending the case. The district court had ordered the case dismissed. A panel of this court had affirmed. And the panel did not remand the case to the district court.
Pursuant to the parties’ stipulation, however, the district court agreed to accept “post-remand” motions. But the case had never been remanded, and, of course, the parties could not stipulate to the district court’s retention of jurisdiction. Still, the district court permitted Rochow to resuscitate his abandoned disgorgement claim, after Rochow moved for the court “to supervise the equitable accounting granted with summary judgment.” This motion was highly problematic. For starters, the district court never granted equitable accounting as part of its summary judgment order. And to the extent Rochow mentioned “accounting” in his motion for summary judgment, he sought an accounting of the amount of benefits due so that he could ensure “that his benefits [we]re being paid in the proper amount,” not equitable accounting tantamount to disgorgement. LINA is not without fault either. It spent years litigating the case without bringing these procedural defects to the district court’s attention.
When the district court finally granted Rochow’s motion for equitable accounting and ordered LINA to disgorge profits, it *378 violated the mandate rule. The mandate rule is a multifaceted “rule” governing the relationship between the courts of appeals and the district courts. Its fundamental principle is straightforward: A district court may not contravene an appellate court’s mandate. United States v. Campbell, 168 F.3d 263, 265 (6th Cir.1999). For instance, if a case is remanded, the mandate rule “forecloses relitigation of issues expressly or impliedly decided by the appellate court.” United States v. O’Dell, 320 F.3d 674, 679 (6th Cir.2003) (internal quotation marks omitted). And “where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so.” Id.
Here, the Rochow I panel did not remand the case to the district court, so any “post-remand” litigation was contrary to this court’s mandate. See United States v. Hamilton, 440 F.3d 693, 697-98 (5th Cir.2006); Green v. Nevers, 196 F.3d 627, 632 (6th Cir.1999). Even if Rochow I could be read as remanding the case to the district court for the issuance of a remedy, a district court violates the mandate rule when it orders an additional remedy beyond that contemplated by the appellate panel’s opinion. See Briggs v. Pa. R.R. Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948); Schake v. Colt Indus. Operating Corp. Severance Plan for Salaried Emps., 960 F.2d 1187, 1191 (3d Cir.1992); Stiller v. Squeez-A-Purse Corp., 296 F.2d 504, 506 (6th Cir.1961). Since Rochow had abandoned his claim for disgorgement under § 1132(a)(3) by not seeking its resolution in the district court after that court treated a motion for “partial” summary judgment as one warranting summary judgment on all issues and by not raising the district court’s failure to resolve the breach of fiduciary duty claim on appeal, the district court violated the mandate rule when it ordered disgorgement.
Our mandate issued on May 3, 2007. Over seven years later this case is still being litigated. The majority’s charitable view of the ease’s procedural history allows that unfortunate history to continue with some legitimacy. In short, while I agree with the majority’s analysis if one accepts its accommodations in footnote 1 to reposition the case for en banc review, I am unable to refrain from presenting another take on the history of this case, one which would preclude the district court’s jurisdiction to order any further relief, except the prejudgment interest directed by the majority opinion.

. Among the other relief he sought, Rochow requested "[a] full and accurate accounting by Defendant of all computations for Plaintiff's disability benefits in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.”